UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY MOODY, on behalf of the
People of the State of Florida,

    Plaintiff,

v.                                        CASE NO. 8:23-cv-701-SDM-MRM

CALEB HUNTER FREESTONE, et al.,

    Defendants.
_____/

**ORDER**

In this civil action under the Freedom of Access to Clinic Entrances Act (the FACE Act), 18 U.S.C. § 248, Ashley Moody, the Attorney General of Florida, sues (Doc. 9) four defendants, each of whom is allegedly "a member of Antifa and Jane's Revenge" and who soon after *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022), allegedly "vandalized and threatened" at least three Florida "crisis pregnancy centers," which are "non-profit organizations that offer [to pregnant women] free services . . . including financial support, ultrasounds, and counseling but do not perform or promote abortions." Because each defendant was indicted under the FACE Act, *United States v. Freestone, et al.*, 8:23-cr-25-VMC-AEP (M.D. Fla.), each defendant moves (Docs. 18, 29, 30, and 31) to stay this action pending completion of the criminal action. Attorney General Moody responds (Doc. 34) in opposition.

If, because of a contemporaneous criminal action, invoking the Fifth Amendment privilege against self-incrimination effectively prevents a defendant's offering probative evidence in defense of a civil action and inevitably results in an adverse judgment in the civil action, a stay of the civil action pending resolution of the parallel criminal action is required. *United States v. Lot 5*, 23 F.3d 359, 364 (11th Cir. 1994). In other words, if a defendant's reasonably invoking the Fifth Amendment in a civil action disables the civil defendant (because, for example, equivalent and necessary evidence for the defense is unavailable from another source) and directly and unavoidably results in a judgment adverse to the defendant, a stay of the civil action is required by applicable law.

If circumstances are less dire for the defendant, a discretionary stay is nonetheless available but should issue only after considering whether the defendant's Fifth Amendment rights are importantly endangered, whether a stay preserves important public and private resources, whether a stay adversely affects the public interest to an unacceptable extent, whether in the civil and criminal actions the legal or factual issues mostly overlap, whether invoking the privilege in the civil action creates an unfair and disproportionate inference, and whether some other salient and compelling factor commends a stay. *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962);[1] *Sec. & Exch. Comm'n v. Palleschi*, 2021 WL 4710773 at *1 (M.D. Fla. 2021) (Chappell, J.)

---

[1] *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), adopts as binding precedent each Fifth Circuit decision published before September 30, 1981.

(quoting *Sec. & Exch. Comm'n v. Huff*, 2010 WL 11447249 at *3 (S.D. Fla. 2010) (Lenard, J.)).

In this action, even if invoking the Fifth Amendment privilege would not alone result in an adverse judgment (although that is at least possible), sound discretion favors a stay pending the resolution of the criminal action. The defendants' invoking their Fifth Amendment right against self-incrimination would almost certainly create a forceful and adverse inference in the civil action. Similarly, because the United States in the criminal action and Attorney General Moody in the civil action assert against the same defendants claims based on the same events and the same law, the actions appear to almost entirely overlap (the defendants argue that "[t]here is absolute overlap in laws and legal analysis [between] the civil and criminal cases").

Attorney General Moody contends that the public interest is "served by quick resolution" of the civil action, but a measured stay in deference to the criminal action likely will not cause a material delay. The docket in the criminal action, *United States v. Freestone, et al.*, 8:23-cr-25-VMC-AEP (M.D. Fla.), reveals that the presiding judge has scheduled the trial to occur within three months.[2] Further, a brief stay in the civil action avoids potential delay in discovery because of the defendants' invoking the Fifth Amendment, prevents any prejudice to the defendants caused by

---

[2] The trial in the criminal action is scheduled for the July 2023 trial term, but the docket reveals that the presiding judge might continue the trial to the August 2023 trial term.

- 3 -

simultaneously defending both actions, and avoids the undue expenditure of public and private resources.

The motions (Docs. 18, 29, 30, and 31) to stay the civil action are **GRANTED**. This action is **STAYED** for ninety days or until completion of the trial or another resolution in the criminal action, whichever occurs first. However, if any party can show a need for discovery to preserve evidence that might become unavailable or less effective or show a similarly urgent need for discovery, the party can move for partial relief from the stay to complete specific discovery. The clerk must **ADMINISTRATIVELY CLOSE** the case. The defendants' motion (Doc. 35) to reply is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on June 5, 2023.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE