UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

_____

HEARTBEAT OF MIAMI, INC.,                Case No. 8:23-cv-00705-KKM-AAS

      Plaintiff,

v.

JANE'S REVENGE, *et al.*,

      Defendants.
_____

**DEFENDANTS' OPPOSED JOINT MOTION TO
TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA
PURSUANT TO 28 U.S.C. § 1404(a) AND INCORPORATED
<u>MEMORANDUM OF LAW</u>**

**I.    Introduction**

Based simply on Plaintiff Heartbeat of Miami's apparent preference, this matter was improperly filed in the Middle District of Florida, rather than in the Southern District where the operative facts occurred and where the majority of witnesses and evidence are found. With this Motion, Defendants who have appeared in this matter, Annarella Rivera, Caleb Freestone, Amber Smith-Stewart, and Gabriella Oropesa (Defendants)[1] respectfully seek to correct that error.

---

[1] The Defendants who have appeared contest that this action was properly brought against them "as a representative of Jane's Revenge." "Jane's Revenge" has not been served.

Heartbeat of Miami has no vested interest in a suit in this district; rather, it seeks money damages for harms that allegedly occurred to its property in Miami-Dade County and injunctive relief to prevent Defendants from setting foot on that property. (Doc. 9, at 42-43.) Plaintiff Heartbeat of Miami incorrectly alleges that the operative facts for its claims arise in the Middle District, including for its three central claims that are brought under the Freedom of Access to Clinic Entrances Act, 18 U.S.C. Section 248, which provide federal court jurisdiction. (*Id.*, ¶¶ 8, 65-100.) In fact, the operative facts happened in, and Plaintiff and all its corporate representatives are located in, the Southern District. *See infra* Sec. IV.B. Plaintiff's Amended Complaint also identifies many witnesses, the majority of whom appear to be located in the Southern District. *See infra* Sec. IV.C.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Given these factors, this Court should transfer this matter to the Southern District in the interests of justice.

## II.   Factual and Procedural Background

This civil action was filed on March 29, 2023. (Doc. 1.) It was brought pursuant to 18 U.S.C. Section 248, the Freedom of Access to Clinic Entrances Act (FACE Act), and includes state law claims for trespass to property, civil conspiracy, and the Florida Racketeer Influenced and Corrupt Organization

(RICO) Act. (Doc. 9.) For all of these alleged acts, Heartbeat of Miami seeks money damages and injunctive relief against all Defendants related to its business, which is conducted from its office located in Miami.[2] (*Id.*, ¶ 23; Prayer for Relief, (a) & (c).) After the Court dismissed the initial Complaint as a "shotgun pleading," Heartbeat of Miami filed an Amended Complaint and added Annarella Rivera and Gabriella Oropesa as Defendants. (Doc. 9.)

The Amended Complaint states eight causes of action, all of which involve factual allegations rooted in the Southern District of Florida.[3] (Doc. 9.) Specifically, as to the first three causes of action under the FACE Act, Heartbeat of Miami alleges that unspecified "Defendants" "unlawfully entered and "spray-painted" its property in Hialeah and that Freestone and Rivera "disrupted" its fundraising event in Miami. (Doc. 9, ¶¶ 37, 70,-71, 83-86, 95-97, 107.)

For the two state law trespass to property claims, Heartbeat of Miami alleges Freestone and Oropesa "committed an unauthorized intrusion" on its Hialeah property (*id.*, ¶¶ 102-03) and Freestone and Rivera allegedly did the same at a

---

[2] Defendants note that Heartbeat of Miami also requests that this Court "Order the dissolution of the Jane's Revenge criminal enterprise." (Doc. 9, Prayer for Relief, (b).) Based on the factual allegations in the Amended Complaint, this Court would not have jurisdiction to issue or enforce such an order for a vaguely alleged "national" criminal enterprise that discovery will show does not exist.

[3] The Amended Complaint mentions the supposed existence of "Jane's Revenge," but alleges it is a "nationwide criminal enterprise" that "exists across the country" based on extraneous and inflammatory allegations that rely on news articles or uncorroborated internet posts. (Doc. 9, ¶¶ 27-35.) Plaintiff does not claim that those alleged facts provide a basis for venue in any Florida district court, nor could they. (Doc. 9, ¶¶ 32-33.)

Heartbeat of Miami fundraising gala in Miami. (*Id.*, ¶ 108.) Similarly, Heartbeat of Miami's state law civil conspiracy charge "against all Defendants" alleges "unlawful acts" occurring in Hialeah or Miami, Florida. (*Id.*, ¶ 114.)

The last two causes of action under the Florida RICO Act rely on alleged acts that predominantly occurred in Hollywood or Hialeah, Florida. (Doc. 9, ¶¶ 128(a), 128(c), 147(a), 147(c).) Defendants' Smith-Stewart and Freestone allegedly "spray-painting" a crisis pregnancy center in Hollywood, Florida, and Heartbeat of Miami's Hialeah crisis pregnancy center.[4] (*Id.*)

## III. Legal Standard

District courts have discretion to adjudicate Section 1404(a) motions for transfer on an individualized, case-by-case consideration of convenience and fairness "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Delorenzo v. HP Enter. Servs., LLC*, 79 F. Supp. 3d 1277, 1281 (M.D. Fla. 2015) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) and *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (internal quotation marks omitted)). "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28

---

[4] One inconsequential factual allegation involves the Middle District. (Doc. 9, ¶¶ 128(b), 147(b).)

4

U.S.C. § 1404(a). Section 1404 operates where there are two (or more) forums where a suit could be brought and where it could proceed . . . Its purpose is to determine the most convenient forum from among two or more possibly correct ones." *Dubin v. U.S.*, 380 F.2d 813, 816 (5th Cir. 1967).[5]

In the absence of the parties' consent, the Court must engage in a two-step inquiry to decide a 1404(a) motion. *See* 28 U.S.C. § 1404(a). As a threshold matter, this Court must determine whether the case *could* have been filed in the proposed district. *See Colo. Boxed Beef Co. v. Coggins*, No. 8:07-cv-00223-T-24-MAP, 2007 WL 917302, at *3 (M.D. Fla. Mar. 23, 2007).

Next, the Court must consider "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice." *Id.* (quoting *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). To do so, a Court evaluates a number of factors to determine if transfer is appropriate:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

---

[5] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

*See id.*; *see also Hampton-Muhamed v. James B. Nutter & Co.*, 687 F. App'x 890, 892 (11th Cir. 2017) (reiterating that the nine *Manuel* factors are considered in deciding a Section 1404(a) motion to transfer). As explained below, these Section 1404(a) factors, carefully considered, strongly warrants this Court transferring venue.

IV.   **Argument**

Fundamentally, at its core, this case is about alleged acts that took place in Miami and Hialeah; the claims arose there, squarely in the Southern District. (Doc. 9, ¶¶ 36-55.) Venue in the Southern District is further supported "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) factors overwhelmingly favor the litigation of this action in the Southern, rather than the Middle District.

A.   **This Case Could Have Been Brought in the Southern District**

A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). A substantial part of the alleged events giving rise to this action took place in the Southern District. (Doc. 9, ¶¶ 36-55, 71, 83, 95, 103, 107-08, 114(a) & (b), 128(a) & (c), 147(a) & (c).) The property which Heartbeat of Miami alleges unspecified "Defendants" spray painted with graffiti is in Hialeah, its principal

6

location. (*Id.*, ¶¶ 12, 36-42.) The Heartbeat of Miami fundraising event, which it alleges was disrupted by Freestone and Rivera, took place in Miami. (*Id.*, 43-55.) Without question, based on the substantial alleged events purportedly giving rise to these claims, this action could have been brought in the Southern District. *See* 28 U.S.C. Section 1391(b)(2).

Under 28 U.S.C. Section 1391(b)(2), Plaintiff's choice of venue is just that – a choice, which is based on an unjustified preference that has no genuine nexus with the alleged facts in this case or the relief sought. It is entitled to no deference because *all* the alleged operative facts underlying the action occurred in the Southern District. *See Gonzalez v. Pirelli Tire, LLC*, No. 07-80453-CIV, 2008 WL 516847, at *2 (S.D. Fla. Feb. 22, 2008) (citations omitted).

In an effort to establish a pattern of activity to support its Florida RICO claims, Heartbeat of Miami alleges venue is appropriate in the Middle District based on one factual allegation in the Amended Complaint that summarizes the criminal indictment against two Defendants involving a property unrelated to Plaintiff. (Doc. 9, ¶¶ 128(b), 147(b) (alleges Defendants Freestone and Smith-Stewart "spray-painting" "Facility B" located in Winter Haven).) Heartbeat of Miami's claim that "a substantial part of the events giving rise to this action occurred in Polk County" is false and indefensible. (Doc. 9, ¶ 10.) This singular and inconsequential allegation does not constitute "a substantial part" of the events

giving rise to this action, nor does it involve Heartbeat's property or employees in any way.

In addition, the Southern District would have subject matter jurisdiction over this action. Under 28 U.S.C. Sections 1331 and 1343(a)(4), this case "arises under the laws of the United States[,]" and "seeks to recover damages and equitable relief under an Act of Congress providing for the protection of civil rights." (Doc. 9, ¶ 8.) For these reasons, the Court should disregard Plaintiff's choice of venue because this case clearly could have been brought in the Southern District.

### B. The Locus of the Operative Facts Requires a Transfer

The alleged operative facts of Plaintiff's FACE Act claims resoundingly support a transfer of venue to the Southern District. The key allegations at the heart of this case involve FACE Act claims that took place only in the Southern District – the district where Plaintiff is located and conducts its business. (Doc. 9, ¶¶ 3, 8, 19-26, 44, 49, 51, 53, 71, 83, 95.) This overwhelmingly supports the Court transferring venue. *See*, *e.g.*, *Osgood v. Discount Autoparts, LLC*, 981 F. Supp. 2d 1259, 1266 (S.D. Fla. 2013) (factor weighed in favor of transfer because this was about a slip and fall in plaintiff's local auto parts store in the Middle District, plaintiff resided there, received initial treatment there, and most witnesses were located there).

Plaintiff's other claims also support venue in the Southern District. For

example, the trespass claims in this action arise from alleged events that took place at its facility in Hialeah and a fundraising event at the "Trump National Doral Miami Resort & Hotel in Miami, Florida[.]" (Doc. 9, ¶¶ 103, 107-08.) Plaintiff's state law civil conspiracy claim also rests on a locus of factual allegations about "damaging Heartbeat's property at the Hialeah facility," and the alleged "disruption" of Heartbeat of Miami's fundraising gala at the Trump National Doral Miami Resort and Hotel. (*Id.*, ¶ 114.)

Even Plaintiff's seventh and eighth causes of action for violations of the Florida RICO Act are primarily based on alleged operative facts that are outside the Middle District. (Doc. 9, ¶¶ 128(a) & (c) (alleged "pattern of racketeering" predicated on two of three acts that occurred in Hialeah and Hollywood, Florida); *see also id.*, ¶¶ 147(a), 147(c) (same); *id.*, ¶¶ 125, 143 (alleging "Jane's Revenge is an enterprise as defined by the Florida RICO Act . . . [and] . . . a nationwide criminal enterprise consisting of cells in communities across the country . . .").)

The relief that Plaintiff seeks also disfavors venue in the Middle District. Plaintiff asks this Court to order injunctive relief focused on allegations of operative facts arising outside the Middle District. (Doc. 9, Prayer for Relief ("Permanently enjoin Defendants from (1) using force or threats of force to injure, intimate, or interfere with Heartbeat's efforts to provide reproductive health services to its community, (2) damaging or destroying Heartbeat's property [which

9

is only in Miami or Hialeah], and (3) going within 100 feet of any reproductive healthcare facility operated by Heartbeat" [also only in Miami or Hialeah]); *see id.* ("Order the dissolution of Jane's Revenge criminal enterprise" [which allegedly exists across the country]).) This factor warrants a transfer.

### C. The Convenience of the Parties and Witnesses Supports a Transfer

The convenience of parties and witnesses is paramount to this analysis and weighs heavily in support of transfer. "The convenience of both the party and non-party witnesses is probably considered the single most important factor in the analysis whether a transfer should be granted." *Gonzalez*, 2008 WL 516847, at *2 (citations omitted). As explained below, this analysis requires a transfer.

The logical starting point for a court to analyze this factor is to consider the parties' residences. *See Delorenzo*, 79 F. Supp. 3d at 1283. Of the named individual Defendants which Heartbeat of Miami would most likely depose and call to testify at trial, Plaintiff alleges only one of the four, Smith-Stewart, resides in the Middle District.[6] (Doc. 9, ¶¶ 10, 14-17.) Freestone is prohibited by Court

---

[6] Following arraignment, the Court required Annarella Rivera to move to the Middle District of Florida, but she is able to obtain the court's permission to travel to the Southern District. *See United States of America (U.S.) v. Freestone et al.*, Case No. 8:23-cr-00025-VMC-AEP (M.D. Fla.), at Docs. 85 and 90. Given that the majority of parties reside in the Southern District, this fact is insufficient to defeat the analysis regarding witnesses' locations which favors transfer. Defendants respectfully request that the Court take judicial notice of these filings and others from the criminal proceeding in *U.S. v. Freestone et al*. *See*, *e.g.*, *Klopfenstein v. Deutsche Bank Sec., Inc.*, 592 F. App'x 812, 816 n. 5 (11th Cir. 2014) (courts may take judicial notice of public records, such as a complaint filed in another court).

10

order from leaving Miami-Dade and Broward Counties except for court in the criminal proceeding.[7] The Southern District is also more convenient for Heartbeat of Miami, located in Hialeah, Florida, (Doc. 12, ¶ 12) and its corporate officers, all of whom reside in Hialeah.[8] "The convenience of the witnesses is best served when witnesses are allowed to testify in the forum where they reside." *Est. of Brooks v. United States*, No. 19-24057-CIV, 2020 WL 4923639, at *6 (S.D. Fla. Jan. 22, 2020) (citing *Morrissey v. Subaru of Am., Inc*., No. 1:15-cv-21106, 2015 WL 9583278, at *3 (S.D. Fla. Dec. 31, 2015)).

Plaintiff identifies many other key witnesses in this action who, to the best of Defendants' knowledge, are located in South Florida. This supports transfer. *See Est. of Brooks*, 2020 WL 4923639, at *6 ("Key witnesses carry more weight in the analysis than non-key witnesses []") (quoting *Holmes v. Freightliner, LLC*, 237 F. Supp. 2d 690, 694 (M.D. Ala. 2002)). Specifically, these witnesses include employees who Plaintiff alleges were subject to "intimidation and violence" from

---

[7] *See See United States of America (U.S.) v. Freestone et al.*, Case No. 8:23-cr-00025-VMC-AEP (M.D. Fla.), at Doc. 14.

[8] *See* Heartbeat of Miami's corporate registration with the State of Florida at: https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=HEARTBEATMIAMI%20N060000123530&aggregateId=domnp-n06000012353-7e636ecb-b355-49b4-9284-388ab9517802&searchTerm=Heartbeat%20of%20Miami&listNameOrder=HEARTBEATMIAMI%20F060000034780. Defendants respectfully request that the Court take judicial notice of these publicly available records on the Florida Department of State's website. *See, e.g.*, *Demeter v. Little Gasparilla Island & Fire Rescue, Inc*., Case No: 2:16-cv-264-FtM-38CM, 2017 WL 662006, at *2 (M.D. Fla. Feb. 17, 2017) (taking judicial notice of party's Sunbiz profile "because the Florida Department of State's website is a verified website from a public agency").

"spray paint" at Heartbeat of Miami's Hialeah facility in South Florida and at its fundraising gala in Miami. (Doc. 9, ¶¶ 12, 40-41, 71-72, First Cause of Action, Second Cause of Action, and Third Cause of Action.) Their testimony is necessary for Heartbeat of Miami to prove, for example, that its Hialeah facility and its gala on off-site property meet all of the FACE Act's legal requirements. (Doc. 9, ¶¶ 66-73, 78-82, 91-97.)

These witnesses, in addition to the majority of Defendants, would be inconvenienced by travel, time, and expenditures to testify in the Middle District for deposition or at trial. *See*, *e.g.*, *Delorenzo*, 79 F. Supp. 3d 1283 ("Transfer to the place where the operative events occurred may be warranted because often the majority of the significant witnesses . . . are also located there.") (citation omitted). This factor further demands the Court's transfer of venue. *See Colo. Boxed Beef Co.*, 2007 WL 917302, at *4 (finding venue transfer is warranted to where "most" of the witnesses are located).

### D. The Location of Documents and Relative Ease of Access to Evidence Support a Transfer

The parties' access to evidence in this matter also supports transfer because other discovery would occur in the Southern District. For example, if Defendants were to conduct an inspection of land under Rule 34 of the Federal Rules of Civil Procedure, that would occur at Heartbeat of Miami's facility in Hialeah. An inspection of the hotel where Plaintiff's gala took place would occur in Miami.

Although much of the discovery in litigation can be transmitted electronically, certain discovery important to each party's case supports a change of venue of this matter to the Southern District.

### E. The Availability of Process to Compel Witnesses to Attend Trial Supports a Transfer

Transfer to the Southern District results in the parties being able to produce the largest number of witnesses because most of them are located in the Southern District. It also minimizes the need for subpoenas or judicial intervention, if subpoenas are contested. *See, e.g., Delorenzo*, 79 F. Supp. 3d at 1283. Plaintiff is better able to procure the attendance of its corporate-controlled witnesses such as current or former employees in the Southern District who would need to testify regarding Plaintiff's allegations of "mental anguish inflicted on Heartbeat's employees and volunteers," "threats of force . . . by intimidating its personnel," "coercing Heartbeat to cease its operation," "making its personnel fear for their personal safety and the safety of their families," "for[cing] Heartbeat to provide physical 24-hour security," "disruption of Heartbeat's Gala[,]" and "sustained damages in an amount to be proved at trial." (Doc. 9, ¶¶ 40-42, 53, 87.) This factor weighs in favor of transfer.

### F. The Relative Means of the Parties Supports a Transfer

The parties' means to litigate this novel matter tip in favor of transfer to avoid unnecessary expense and travel related to discovery and producing witnesses

13

for trial. The Court in the criminal proceeding recognized the Defendants' limited means by appointing counsel.[9] They are represented by non-profit and public interest solo practitioner law firms that are not charging for their services because of their commitment to public interest litigation regarding protected First Amendment activities. Heartbeat of Miami is a "non-profit religious organization" with its principal location in Hialeah. (Doc. 9, ¶ 12.) This factor supports transfer.

### G. The Court's Familiarity with Governing Law Neither Weighs for or Against Transfer

While the transferee court's familiarity with the governing law is a factor under section 1404(a), "it is not given much importance." *Amar Shakti Enters., LLC v. Wyndham Worldwide, Inc.*, Case No. 6:10-cv-1857-Orl-31KRS, 2011 WL 13298587, at *4 (M.D. Fla. June 2, 2011). Since both districts are in Florida, this factor is neutral.

### H. Plaintiff's Choice of Forum Must Receive Little or No Deference

A plaintiff's venue preference is entitled to little or no deference when the operative facts underlying the cause of action did not occur within the chosen forum and when the plaintiff does not reside there. *See Delorenzo*, 79 F. Supp. 3d at 1283; *see also Osgood*, 981 F.Supp.2d at 1266-67; *Polyform A.G.P. Inc. v.*

---

[9] *See United States of America (U.S.) v. Freestone et al.*, Case No. 8:23-cr-00025-VMC-AEP (M.D. Fla.), at Doc. 9 (CJA 23 Financial Affidavit by Amber Smith-Stewart); Doc. 64 (CJA 23 Financial Affidavit by Gabriella Oropesa); Docs. 10 and 11 (motions and orders to appoint counsel for Amber Smith-Stewart); and Doc. 15 (order appointing CJA counsel for Caleb Freestone); and Doc. 77 (appointing CJA counsel for Annarella Rivera).

*Airlite Plastics Co.*, No. 4:10-CV-43, 2010 WL 4068603, at *7 (M.D. Ga. Oct. 15, 2010) (internal quotation marks omitted). Heartbeat of Miami conducts all of its business in Hialeah where it is located. (Doc. 9, ¶¶ 2, 12.) The Middle District is not Plaintiff's home forum; therefore, a transfer to the Southern District is undeniably proper. *See Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F. Supp. 2d 1334, 1338 (M.D. Fla. 2011) ("where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper.").

As discussed above, the operative facts underlying the cause of action occurred primarily in the Southern District. As Plaintiff's choice of venue must be given little or no weight here, this factor favors transfer. *See Trace-Wilco, Inc. v. Symantec Corp.*, No. 08-80877-CIV, 2009 WL 455432, at *2 (S.D. Fla. Feb. 23, 2009) ("operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, and thus the choice of forum is entitled to less consideration") (cleaned up).

### I. Trial Efficiency and Interests of Justice Support a Transfer

This factor weighs in favor of transfer. The issue of trial efficiency overlaps with two other factors discussed above, both of which support transfer under Section 1404(a): witness proximity and convenience, and the locus of operative facts giving rise to this action. To evaluate this factor, courts also consider judicial

15

efficiency and a case's posture. *Osgood*, 981 F.Supp.2d at 1267; *Delorenzo*, 79 F. Supp. 3d at 1285.

Transfer of this matter is in the interests of justice because of this case's early posture. The Court's decision to transfer venue does not unduly prejudice Heartbeat of Miami or increase the expense of the litigation. *See Delorenzo*, 79 F. Supp. 3d at 1285 ("The period within which the Defendants must file their responsive pleading has not yet run, and only a minor amount of targeted discovery has been conducted."). Transfer may also assist in quicker resolution when considering data on average disposition times for the Southern District of Florida as compared with other districts.[10] These considerations bolster the Court's transfer of this matter to the Southern District.

## V. Conclusion

For the foregoing reasons, the Court should order that this matter be transferred to the Southern District of Florida pursuant to the required considerations under 28 U.S.C. Section 1404(a).

---

[10] *See* 2020 A Year in Review, United States District Court for the Southern District of Florida, at 21 (the median time for resolution of civil cases in all Florida district courts was 8.9 months; the Southern District had a median resolution time of 3.4 months). Available at: https://www.flsd.uscourts.gov/sites/flsd/files/FINAL2020AnnualReportExternal.pdf

## Local Rule 3.01(g) Certification

Undersigned counsel has conferred with opposing counsel via electronic mail in a good faith effort to resolve the issues raised in this motion. Plaintiff's counsel is opposed to the relief requested in this motion.

Dated: July 12, 2023            Respectfully submitted,

By: /s/ Andrea Costello
Andrea Costello
Fla. Bar No. 0532991
Florida Legal Services
P.O. Box 533986
Orlando, FL 32853
Telephone: (407) 801-0332 (direct)
Fax: (407) 505-7327
andrea@floridalegal.org
*Attorneys for Defendant Annarella Rivera*

By: /s/ Marianne Dugan
Marianne Dugan, *pro hac vice*
Oregon State Bar # 932563
Lauren Regan, *pro hac vice*
Oregon State Bar # 970878
Civil Liberties Defense Center
1711 Willamette St., Suite 301 #359
Eugene, OR 97401
(541) 687-9180
mdugan@cldc.org
lregan@cldc.org
*Attorneys for Defendant Amber Smith-Stewart*

By: /s/ James M. Slater
James M. Slater
Fla. Bar No. 111779
113 S. Monroe Street
Tallahassee, FL 32301
Tel. (305) 523-9023
james@slater.legal
*Attorneys for Defendant Caleb Freestone*

By: /s/ Miriam Haskell
Miriam Haskell
Fla. Bar No. 069033
Carrie Joanna Feit
Fla. Bar No. 470066
Community Justice Project
3000 Biscayne Blvd., Suite 106
Miami, Florida 33137
Telephone: (305) 907-7697
miriam@communityjusticeproject.com
carrie@communityjusticeproject.com
*Attorneys for Defendant Gabriella Oropesa*