## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**HEARTBEAT OF MIAMI, INC.,**

     *Plaintiff,*

v.

**JANE'S REVENGE; CALEB
HUNTER FREESTONE, in his
personal capacity and as a
representative of Jane's Revenge;
AMBER MARIE SMITH-STEWART,
in her personal capacity and as a
representative of Jane's Revenge;
ANNARELLA RIVERA, in her
personal capacity and as a
representative of Jane's Revenge;
GABRIELLA OROPESA, in her
personal capacity and as a
representative of Jane's Revenge; and
JANE DOES 6–20,**

     *Defendants.*

Case No. 8:23-cv-00705-KKM-AAS

---

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSED JOINT MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. § 1404(a)

Pursuant to Local Rule 3.01 and 28 U.S.C. § 1404, Plaintiff Heartbeat of

Miami, Inc. ("Heartbeat") files this Response to Defendants' Opposed Joint Motion

to Transfer Venue to the Southern District of Florida Pursuant to 28 U.S.C.

§ 1404(a) (the "Motion"), ECF No. 54. In support of this response, the undersigned states:

## INTRODUCTION

Heartbeat brought this action in the Middle District of Florida because at least one of the Defendants—Amber Marie Smith-Stewart ("Smith-Stewart")—is a resident of Orange County and all the Defendants reside in Florida.[1] ECF No. 9 ¶¶ 10, 14-17; 28 U.S.C.A. § 1391(a). Venue is also proper in this district because a substantial part of the events giving rise to this action occurred in Polk County. *See* ECF No. 9 ¶¶ 11; 28 U.S.C. § 1391(b). Both Orange County and Polk County are located in the Middle District of Florida. *See* L.R. 1.04(a).

Notably, despite parallel criminal and civil actions also properly being filed against these same Defendants in the Middle District of Florida for the same conduct at issue here, Defendants have not sought a transfer of venue in those actions. *See United States v. Freestone*, 8:23-cr-00025 (M.D. Fla. Jan. 18, 2023) (docket provided herein as **Exhibit 1**); *Attorney General v. Freestone*, 8:23-cv-701-SDM-MRM (M.D. Fla.) (docket provide herein as **Exhibit 2**).[2] Defendants only seek to transfer

---

[1] Defendants acknowledge that Defendant Annarella Rivera ("Rivera") has also recently moved to the Middle District of Florida. ECF No. 54 at 10 n.6.

[2] Heartbeat respectfully requests that the Court take judicial notice of these dockets. *See* Fed. R. Civ. P. 201; *see also Davis v. Gregory*, No. 20-12716, 2021 WL 2944462, at *2 (11th Cir. July 14, 2021) ("We, like the district court, take judicial

this action—raising real questions about Defendants' motives for requesting this transfer. Respectfully, Defendants' motion appears to be "a thinly veiled attempt at forum shopping" rather than a genuine concern about party convenience. *See Middlebrooks v. Equifax, Inc.*, No. 1:20-CV-1825-SCJ-JSA, 2022 WL 17938856, at *1 (N.D. Ga. Apr. 8, 2022).

## BACKGROUND

Jane's Revenge is an unincorporated criminal association that has violently threatened and intimidated life-affirming reproductive health facilities across the country. ECF No. 9 ¶¶ 1, 13. The individually named Defendants are members of Jane's Revenge. *Id.* ¶ 3.   Heartbeat is a non-profit, faith-based organization that provides life-affirming medical care and support to disadvantaged women through the duration of their pregnancies. *Id.* ¶¶ 2, 21. Heartbeat is also one of Defendants' many victims, and one of three Florida facilities vandals associated with Jane's Revenge attacked following the leak of the Supreme Court's *Dobbs v. Jackson Women's Health Organization* draft opinion in May 2022. *Id.* ¶ 27.

---

notice of the Broward County Circuit Court's online docket."); *Kukorinis v. Walmart, Inc.*, No. 8:22-CV-2402-VMC-TGW, 2023 WL 4364454, at *2 (M.D. Fla. July 6, 2023) ("Mr. Kukorinis previously brought suit against Walmart in the Southern District of Florida for similar conduct relating to deceptive pricing schemes. . . . Walmart asks that the Court take judicial notice of all docket entries from that case, which it will do.") (citing *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010)).

Defendants targeted Heartbeat at least twice: Once on July 3, 2022, when Defendants unlawfully entered Heartbeat's property at its Hialeah Facility at 1:00 AM, damaged its building, disabled Heartbeat's security cameras, and spray-painted threatening messages to intimidate Heartbeat. *Id.* ¶¶ 36–42. Second, Defendants infiltrated Heartbeat's annual fundraising Gala on September 17, 2022, at the Trump National Doral Miami Resort & Hotel where they shouted obscenities, disparaged Heartbeat's efforts and mission, and distributed false and defamatory information to Gala attendees intending to interfere with Heartbeat's provision of reproductive health services. *Id.* ¶¶ 43–55.

Defendants' attack on Heartbeat was part of a conspiracy to harm life-affirming reproductive health care facilities in Florida between May and July of 2022. *Id.* at ¶¶ 57–58. The other facilities Defendants targeted in Florida—in fashions similar to its attack on Heartbeat—were located in Winter Haven and Hollywood. *Id.* at ¶¶ 59–60, 128–132, 147–151.

On March 29, 2023, Heartbeat filed suit in this Court seeking relief in the form of an injunction to prevent Defendants from continuing their intimidation campaign, an order dissolving the Jane's Revenge criminal enterprise, compensatory and punitive damages, and costs and attorneys' fees for this action. ECF No. 1. On April 14, 2023, Heartbeat filed an Amended Complaint. ECF No. 9. Heartbeat has asserted eight claims against the various Defendants including:

violations of the Freedom of Access to Clinic Entrances Act ("FACE Act"), pursuant to sections 18 U.S.C. § 248(a)(1) and (3), for their attack on the Hialeah Facility (Counts I & III); violation of the FACE Act, 18 U.S.C. § 248(a)(1), for their attack on the Heartbeat Gala (Count II); a trespass to property claim for their intrusion on the property housing the Hialeah Facility (Count IV); a trespass to property claim for their intrusion into the Heartbeat Gala (Count V); a civil conspiracy claim for their coordination and support for the commission of the attacks on Heartbeat (Count VI); and Florida Racketeer Influenced and Corrupt Organization (RICO) Act claims, Fla. Stat. § 895.03(3) and (4), for their conspiring to commit the criminal acts of attacking Heartbeat and the other facilities in Hollywood and Winter Haven—constituting a pattern of racketeering—as part of the Jane's Revenge criminal organization (Count VII and VIII).

Federal criminal charges are pending against all the individually named Defendants (the "Criminal Action"). *United States v. Freestone*, 8:23-cr-00025, ECF No. 1 (M.D. Fla. Jan. 18, 2023). The Florida Attorney General has also filed a civil complaint against the Defendants (the "AG Action"). *Attorney General v. Freestone*, 8:23-cv-701-SDM-MRM (M.D. Fla. March 29, 2023).

On July 12, Defendants filed a motion to stay arguing that the Court should stay this action due to its similarities with the Criminal Action. ECF No. 53 at 9 ("There is not a mere potential of overlapping issues and facts. The FACE Act and

conspiracy claims and the key operative facts underlying many of Heartbeat of Miami's claims here are the same or related to those asserted by the United States in its prosecution and involve the same analysis."). Defendants highlighted that the judge presiding over the AG Action stayed that case pending completion of the Criminal Action because of the overlapping law and facts. *Id*. at 4 ("Given the identical claims in the Florida Attorney General's lawsuit, Judge Merryday temporarily stayed that case for 90 days or until the Criminal Action ends . . . ."). Plaintiff did not oppose Defendants' motion to stay.

The same day Defendants filed its motion to stay this case they also filed this Motion. Notably, despite the admitted similarities between all three cases, Plaintiffs have not sought a transfer in either the Criminal Action or the AG Action. *See* Exs. 1 & 2.

## STANDARD

A district court may transfer any civil action to another district or division where it might otherwise have been brought to promote the convenience of the parties and witnesses and the interests of justice. 28. U.S.C. § 1404(a).  The movant has the burden to persuade the court that there should be a change in venue. *Perlman v. Delisfort-Theodule*, 451 F. App'x 846, 848 (11th Cir. 2012). And "[t]he plaintiff's choice of forum should not be disturbed unless it is ***clearly outweighed***

by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (emphasis added).

Courts engage in a two-pronged analysis when considering motions to transfer venue. *Mason v. Smithkline Beecham Clinical Lab'ys*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001). First, the court must consider whether the plaintiff could have brought the action in the movant's preferred venue. *Id*. Second, the court must balance public and private factors to determine if a transfer is justified. *Id*. "Defendants moving for transfer have a heightened burden as they must prove with particularity the inconvenience caused by the plaintiff's choice of forum. Transfer can only be granted where the balance of convenience of the parties *strongly favors* the defendant." *Id.* (citations omitted).

Upon determining an action could have been filed in the alternative forum, courts generally consider the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

## ANALYSIS

### I.    Plaintiff Properly Filed This Action in the Middle District of Florida.

A civil action may be brought in a judicial district in which any defendant resides, if all the defendants are residents of the forum state. 28 U.S.C. § 1391(a). Venue is also proper in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). Heartbeat's selection of the Middle District of Florida is proper because all the Defendants reside in Florida and Defendant Smith-Stewart resides in Orange County. Venue is also proper in this district because a substantial portion of the Defendant's racketeering activities occurred in Winter Haven, which is located in Polk County. *See* L.R. 1.04(a). The attack on the Winter Haven facility is a key feature of Heartbeat's racketeering claims. *See* ECF No. 9 ¶¶ 119-55.

Heartbeat does not dispute that this action could have been filed in the Southern District of Florida. Defendants, however, have not met their burden to demonstrate the balance of the parties' convenience parties *strongly favors* its preferred forum in the Southern District of Florida. *See Mason,* 146 F. Supp. 2d at 1359.

Even if Defendants could show that the Southern District is a preferable forum—they cannot—their arguments ring insincere because they have not moved to transfer either the Criminal Action or the AG Action. And Defendants themselves have argued to this Court that this case is "based on the same facts and

elements as the United States' superseding criminal indictment" and that the AG Action contains "identical claims." ECF No. 53 at 4.

**II.   Transfer to the Southern District of Florida Does Not Serve the Convenience of the Parties and Witnesses and Is Not in the Interest of Justice.**

**a.   The Convenience of the Witnesses and Parties Does Not Support Transfer (Factors 1 and 3).**

Defendants contend that convenience "weighs heavily" in support of transfer because "Plaintiff alleges only one of the four" Defendants reside in the Southern District of Florida. *See* ECF No. 54 at 10. Defendants acknowledge in a footnote, however, that actually **two of the four individual Defendants now reside in the Middle District**: Stewart-Smith and Annarella Rivera ("Rivera"). *See id.* at 10 n.6. Defendants also argue that the Southern District would be more convenient for Heartbeat because it is based in Hialeah. *Id.* at 11. Heartbeat, however, has already selected the Middle District as its forum and does not find it to be inconvenient. On its face, therefore, the convenience of the parties does not support transfer. *Stokes v. Markel Am. Ins. Co.*, No. 19-20404-CIV, 2019 WL 8017457, at *4 (S.D. Fla. June 28, 2019) (the convenience of the parties was "either neutral or favor[ed] retention of the case " where the parties would have had had to engage in similar travel). Moreover, some courts contend that this factor "is practically irrelevant to whether the motion to transfer should be granted." *Cent. Money Mortg. Co. ÝIMC¨ v. Holman,* 122 F. Supp. 2d 1345, 1346 (M.D. Fla. 2000). The

convenience of the parties favors retention or, at best, is neutral—either way it does not support transfer to the Southern District of Florida.

Defendants also argue that witnesses will be inconvenienced by a venue in the Middle District. ECF No. 54 at 11–12. This is an important factor in the transfer analysis; however, Defendants do not provide a sufficient basis to support transfer. *See Mason*, 146 F. Supp. 2d at 1361. Courts construe the convenience of the witnesses factor as a matter less about the practical convenience for a witness and more about the "possibility of having their testimony at the trial that is important." *Id.*

Defendants contend that Heartbeat's employees will be inconvenienced by having to travel to the Middle District to testify. ECF No. 54 at 11–12.  A transfer can be denied, however, "when the witnesses, although in another district, are employees of a party and their presence can be obtained by that party." *Id.*; *see also Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010) ("its significance is diminished when the witnesses, although in another district, are employees of a party and their presence at trial can be obtained by that party").

The court will also deny transfers when the "movant does not show that the witnesses would be unwilling to testify and that compulsory process would be necessary." *Mason*, 146 F. Supp. 2d at 1361-62. Moreover, the "[t]he party seeking

the transfer must support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony." *Ritter v. Metroplitan Cas. Ins. Co.*, No. 4:19-CV-10105-KMM, 2019 WL 8014511, at *2 (S.D. Fla. Dec. 3, 2019); *see also LaPenna v. SunTrust Bank*, No. 309CV01213J25TEM, 2010 WL 11623403, at *2 (M.D. Fla. May 3, 2010) ("[A] general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be is insufficient.") (marks and citation omitted). Defendants have made no showing that any witness would be unwilling to testify, nor have they provided analysis about the significance of any testimony. *See Mason*, 146 F. Supp. 2d at 1361-62; *Ritter*, 2019 WL 8014511, at *2.

The convenience of the parties and witnesses do not support transfer.

**b.     The Location of Relevant Documents and Relative Ease of Access to Sources of Proof Does Not Support Transfer (Factor 2).**

Considering the prevalence of electronic discovery, courts give this factor little weight. *Ritter v. Metroplitan Cas. Ins. Co.*, No. 4:19-CV-10105-KMM, 2019 WL 8014511, at *4 (S.D. Fla. Dec. 3, 2019) ("technological advancements have rendered the physical location of documents and other types of proof virtually irrelevant"); *Microspherix LLC v. Biocompatibles, Inc.*, No. 9:11-CV-80813-KMM, 2012 WL 243764, at *3 (S.D. Fla. Jan. 25, 2012) ("In a world with fax machines, copy machines, email, overnight shipping, and mobile phones that can scan and send documents, the physical location of documents is irrelevant. In light of the burden a party moving

for transfer bears, absent a showing by the moving party to the contrary, this Court considers the location of relevant documents and the relative ease of access to sources of proof a non-factor."). To the extent Defendants anticipate needing to conduct an inspection of certain property located in the Southern District of Florida pursuant to Federal Rule of Civil Procedure 34, court involvement would not be needed. Heartbeat notes that at least two of Defendants' attorneys are located in Miami, such that Defendants' speculative Rule 34 inspection request should not be burdensome. *See* ECF No. 54 at 18. This factor does not support transfer.

### c.   The Locus of Operative Facts Is Not Dispositive for Transfer (Factor 4).

"The locus of operative facts refers to the specific action or omissions that give rise to the cause of action." *Ritter*, 2019 WL 8014511, at *4 (quoting *Hagin v. TA Operating, LLC*, No. 13-cv-80977-DLB, 2014 WL 1385709, at *3 (S.D. Fla. Apr. 9, 2014)). The facts that undergird Heartbeat's claims occurred in both the Southern District of Florida and the Middle District of Florida. While some of Defendant's violence occurred in the Southern District, it is indisputable that a portion of Defendants' violence that form the crux of at least two of Heartbeat's claims occurred in Winter Haven, which is in the Middle District. *See Plain Bay Sales, LLC v. Gallaher*, No. 18-80581-CIV, 2018 WL 8899305, at *4 (S.D. Fla. July 11, 2018) (finding that where operative facts occurred in both the chosen forum and the

alternative forum this factor did not favor transfer). To the extent more of Defendants' illegal activity occurred in the Southern District as compared to the Middle District, this factor could only slightly favor Defendants' position. Regardless, this factor "is not dispositive of the issue." *Jacques v. Jacques*, No. 8:16-CV-1297-T-33TGW, 2016 WL 6493927, at *4 (M.D. Fla. Nov. 2, 2016).

> **d.     The Availability of Process to Compel the Attendance of Unwilling Witnesses Does Not Support Transfer (Factor 5).**

Defendants argue that it will be easier for them to procure Heartbeat's employees for testimony. ECF No. 54 at 13. This does not support transfer. First, Defendants do not identify any of the witnesses or discuss the details of their expected testimony. *Mason*, 146 F. Supp. 2d at 1362; *see also Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1329 (M.D. Fla. 2010) ("these possible witnesses are appropriately disregarded because the plaintiff has not presented any evidence of a specific witness in this regard"). Second, the Defendants have not claimed that any witness would be unwilling to attend to testify. *Mason*, 146 F. Supp. 2d at 1362 ("Defendants have not suggested that these witnesses would be unwilling to appear of their own accord. Finally, even if these witnesses would not attend, their testimony does not appear to be so central to the case that it could not fairly be presented through depositions."); *see also TracFone Wireless, Inc. v. Clear Choice Connections, Inc.*, No. 13-CV-23066, 2014 WL 11899285, at *6 (S.D. Fla. July 15, 2014) (noting employees of a party can have

their attendance secured by that party). This factor does not support transfer to the Southern District of Florida.

### e.   The Relative Means of the Parties Does Not Support Transfer (Factor 6).

Heartbeat does not dispute Defendants' lack of resources. However, a venue that is a mere few hours' drive away will result in little additional expense and Defendants have made no argument that the distance will result in burdensome costs. Moreover, Defendants are already litigating two other cases in this district. If anything, maintaining this action in the same district as Defendants' other two cases regarding the same conduct at issue here will allow for a more efficient use of the parties' resources.  This factor does not support transfer.

### f.   The Forum is Familiar with the Governing Law (Factor 7).

Both the Southern District and Middle District are federal courts located in Florida and are exceedingly familiar with both federal and Florida law. This factor does not support transfer.

### g.   The Plaintiff's Choice of Forum Receives Substantial Deference (Factor 8).

Defendants cite district court opinions to argue that Heartbeat's choice of forum is entitled to less deference because some of the conduct at issue was and Heartbeart is located in a different district. The Eleventh Circuit, however, has been unequivocal: "The plaintiff's choice of forum should not be disturbed unless

it is clearly outweighed by other considerations." *Robinson*, 74 F.3d at 260. Even if the Eleventh Circuit's standard were malleable, Heartbeat's choice of forum nonetheless receives deference, even under Defendants' case law.  Moreover, Defendants' illegal conduct occurred and Heartbeat is located in "close proximity" to the Middle District. *Cf Polyform A.G.P. Inc. v. Airlite Plastics Co.*, No. 4:10-CV-43 CDL, 2010 WL 4068603, at *7 (M.D. Ga. Oct. 15, 2010) ("[A]s this Court has previously observed, this factor is entitled to less deference when . . . the plaintiffs do not reside here **or in close proximity to this district**.) (emphasis added). In keeping with the law of this Circuit, Heartbeat's choice of the Middle District should receive substantial deference. *See Robinson*, 74 F.3d at 260.

> **h.    Trial Efficiency and the Interests of Justice Do Not Support Transfer (Factor 9).**

This case is one of three cases regarding the same conduct all pending against these Defendants in the Middle District of Florida. Maintaining all three actions in the Middle District will increase efficiency and serve the interests of justice by not requiring parties and witnesses to be travelling between and navigating different courthouses. Moreover, like the Middle District "the Southern District of Florida has one of the busiest dockets in the county." *See Morrissey v. Subaru of Am., Inc.*, No. 1:15-CV-21106-KMM, 2015 WL 9583278, at *4 (S.D. Fla. Dec. 31, 2015). Transferring this case would not assist in dispersing court workloads. This factor does not support transfer.

## CONCLUSION

Defendants have not shown that its preferred forum outweighs—much less clearly outweighs—Heartbeat's selected venue here in the Middle District of Florida, thus its Motion should be denied.

Respectfully submitted,

JEFFREY C. MATEER
DAVID J. HACKER
JEREMY G. DYS
RYAN N. GARDNER
LEA E. PATTERSON
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway
Suite 1600
Plano, TX 75075
(972) 941-4444

*/s/ Jason Gonzalez*
JASON GONZALEZ
FLORIDA BAR NO: 146854
PAUL C. HUCK, JR.
FLORIDA BAR NO: 968358
AMBER STONER NUNNALLY
FLORIDA BAR NO: 109281
CAROLINE MAY POOR
FLORIDA BAR NO. 1018391
LAWSON HUCK GONZALEZ, PLLC
215 South. Monroe Street, Suite 320
Tallahassee, Florida 32301
(850) 825-4334

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the CM/ECF website and served on July 21, 2023, to all counsel of record.

*/s/ Jason Gonzalez*