# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **HEARTBEAT OF MIAMI, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**JANE'S REVENGE; CALEB HUNTER FREESTONE**, in his personal capacity and as a representative of Jane's Revenge; **AMBER MARIE SMITH-STEWART**, in her personal capacity and as a representative of Jane's Revenge; **ANNARELLA RIVERA**, in her personal capacity and as a representative of Jane's Revenge; **GABRIELLA OROPESA**, in her personal capacity and as a representative of Jane's Revenge; and **JANE DOES 6–20**,<br><br>*Defendants.* | Case No. 8:23-cv-00705-KKM-AAS |

## JOINT STATUS REPORT

Pursuant to the Court's September 20, 2023, Order, Plaintiff Heartbeat of Miami, Inc. ("Heartbeat"), and the Defendants who have appeared in this action, Caleb Hunter Freestone ("Mr. Freestone"), Amber Marie Smith-Stewart ("Ms. Smith-Stewart"), Annarella Rivera ("Ms. Rivera"), and Gabriella Oropesa ("Ms.

Oropesa"), (collectively the "Defendants") respectfully file this Joint Status Report and state the following:

1. On March 29, 2023, Heartbeat filed suit against the Defendants asserting various causes of action. Doc. 1 at ¶¶ 61-141.

2. On April 14, 2023, Heartbeat filed an Amended Complaint consisting of the same key allegations and claims. Doc. 9.

3. On July 11, 2023, the Defendants jointly moved to extend the time to respond to the Amended Complaint until after any order denying a motion for stay or lifting such a stay. Doc. 51.

4. On July 12, 2023, the Defendants jointly moved to stay these proceedings pending the outcome of a parallel criminal action, *United States v. Freestone*, 8:23-cr-25-VMC-AEP (M.D. Fla.). Doc. 53. Heartbeat did not oppose the stay at that time. Doc. 56.

5. On September 20, 2023, this Court granted Defendants' motion to stay and stayed the action for "ninety days or until completion of the trial or other resolution in the Criminal Action, whichever occurs first." Doc. 59 at 18. The Court further ordered that within 14 days of a resolution or trial of *United States v. Freestone* or expiration of the 90-day stay, "the parties shall jointly move to reopen this case" and "jointly file a status report updating the Court on what effect, if any, the criminal proceedings have on this case." *Id*. at 19. When the Court entered its

order, the criminal proceedings were set for the December 2023 trial term. *United States v. Freestone*, 8:23-cr-25-VMC-AEP, Doc. 155.

6. On December 7, 2023, the court in *United States v. Freestone* granted a joint motion to continue the criminal trial as to Mr. Freestone, Ms. Stewart-Smith, Ms. Rivera, and Ms. Oropesa and rescheduled the jury trial for the March 2024 trial term. *United States v. Freestone*, 8:23-cr-25-VMC-AEP, Doc. 180. As of December 18, 2023, there has been no resolution in *United States v. Freestone* and the trial term remains set for the March 2024 trial term. *See id.*

## Plaintiff's Position

7. Reopening this case will have a minimal impact on this case at this early stage of the proceeding. Defendants have yet to file an Answer or other response to the Amended Complaint but have filed answers in an action brought by Attorney General. *See Moody v. Freestone*, 8:23-cv-00701-SDM-MRM, Doc. 44–47. Additionally, on December 7, 2023, the court in *Moody v. Freestone*, a related civil case in this district brought by Attorney General Ashley Moody against Mr. Freestone, Ms. Smith-Stewart, Ms. Rivera, and Ms. Oropesa, ordered for its clerk to administratively re-open the case after issuing an order on December 5, 2023, resolving a motion to extend the stay filed by Defendants Mr. Freestone, Ms. Smith-Stewart, Ms. Rivera, and Ms. Oropesa. *Moody v. Freestone*, 8:23-cv-00701-SDM-MRM, ECF 50–51.

8. There is no reason to further delay proceedings in this case, especially given that a concurrent civil suit is now proceeding into discovery. To the extent any Defendant wishes to invoke his or her Fifth Amendment rights, such silence will not foreclose Heartbeat from engaging in meaningful discovery regarding the facts at issue in this case. Indeed, Heartbeat's claims related to its fundraising gala are based on different facts than the criminal proceeding. Nor will such silence compel an adverse judgment at this early stage of the case. Because the criminal case will have a minimal impact on this proceeding, this Court should allow the case to proceed.

## Defendants' Position

9. Defendants who have appeared in this matter, Mr. Freestone, Ms. Smith-Stewart, Ms. Rivera, and Ms. Oropesa hereby respond to the Court's Order (Doc. 59) and provide their position about "what effect, if any, the criminal proceedings have on this case." As explained below, this Court should apply the same legal authority and reasoning to extend the stay entered in this action (Doc. 59) pending resolution of the parallel criminal matter which has been rescheduled for trial in the March 2024 calendar term.

10. This Court granted a stay of 90 days (or until resolution of the criminal action, whichever occurred first) in this case because each Defendant is also indicted under the FACE Act in a criminal proceeding, *United States v. Freestone, et*

4

*al.*, 8:23-cr-25-VMC-AEP (M.D. Fla.) (the "Criminal Action") (Doc. 59 at 19). The parallel criminal action is now scheduled for the March 2024 trial calendar. Given this fact, and based on the binding legal authority that this Court relied on in granting a stay, the Court should extend the stay

> because of the overlapping nature of the facts that underpin both this case and the Criminal Action and the likelihood that discovery will be hampered in the civil case due to the invocation of the Fifth Amendment privilege. A temporary stay would also preserve judicial efficiency and not produce an unreasonable delay of this action.

(ECF 59 at 17-18.) The same legal authority and reasoning still holds true until the parallel Criminal Action is resolved.[1]

11.     The Court did reopen *Moody v. Freestone*, 8:23-cv-00701-SDM-MRM, however, discovery has not yet begun in that case. Defendants moved to extend the stay in that case and also invoked their Fifth Amendment rights in relevant portions of their Answers to the Amended Complaint (Docs. 44-47).

12.     Defendants remain confronted with the same Fifth Amendment issues recognized by this Court that required a stay, which prevents them from offering probative evidence in defense of a civil action (in discovery or even by answering the Amended Complaint) and which would inevitably result in an

---

[1] Defendants intend to move to extend the stay (Doc. 59) and incorporate by reference their arguments made in Defendants' Unopposed Joint Motion to Stay These Proceedings Pending the Outcome of the Parallel Criminal Action (Doc. 53).

adverse inference in this parallel civil action.[2] Specifically, a stay is warranted because discovery and trial here would prejudice Defendants' Fifth Amendment rights to be free from defending against a civil proceeding while defending the Criminal Action. (Doc. 59 at 17; Doc. 53 at 5). Discovery will inevitably seek to elicit evidence that Defendants engaged in the alleged illegal activity that is the subject of the Criminal Action, and if discovery proceeds, it "will undermine the accused's Fifth Amendment privileges against self-incrimination." (Doc. 59 at 15, citing *United States v. Lot 5*, 23 F. 3d 359, 364 (11th Cir. 1994)). Courts must stay a civil proceeding when, as here, a contemporaneous criminal action effectively prevents a defendant from offering probative evidence in defense of the civil proceeding and inevitably results in an adverse civil judgment because the defendant invoked the Fifth Amendment privilege against self-incrimination. (*Id.*) In addition, courts can enter a discretionary stay when a defendant's Fifth Amendment rights are importantly endangered and other compelling factors recommend a stay. (Doc. 59 at 15-16, citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)). This Court has already weighed the factors for a discretionary stay and found a stay was warranted. (Doc. 59 at 16-18).

---

[2] Heartbeat of Miami brings eight claims against Defendants for violations of the FACE Act and the Florida Racketeer Influenced and Corrupt Organization (RICO) Act, and for common law torts of trespass and civil conspiracy. (Doc. 9, Am. Compl. ¶¶ 65-155). Except for claims related to Heartbeat of Miami's fundraising gala, the claims asserted by Heartbeat of Miami are based on the same facts and elements as the United States' superseding criminal indictment.

13. For the Defendants' stated reasons, this Court should enter an Order extending the stay (Doc. 59) for a period of 120 days, or until the completion of the trial or other resolution of the Criminal Action, whichever occurs first. In the latter case, defense counsel would provide notice to the Court within five (5) business days of such conclusion of the Criminal Action. Alternatively, if this Court would not extend the stay, the Court should set a deadline of 30 days for Defendants to answer or otherwise respond to the Amended Complaint and issue a temporary stay of the parties' required initial disclosures, a scheduling conference, and any discovery until the Criminal Action is resolved.

Dated: December 19, 2023

JEFFREY C. MATEER
DAVID J. HACKER
JEREMY G. DYS
RYAN N. GARDNER
LEA E. PATTERSON
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway
Suite 1600
Plano, TX 75075
(972) 941-4444

Respectfully submitted,

*/s/ Jason Gonzalez*
PAUL C. HUCK, JR.
FLORIDA BAR NO: 968358
JASON GONZALEZ
FLORIDA BAR NO: 146854
AMBER STONER NUNNALLY
FLORIDA BAR NO: 109281
CAROLINE MAY POOR
FLORIDA BAR NO. 1018391
LAWSON HUCK GONZALEZ PLLC
215 South. Monroe Street, Suite 320
Tallahassee, FL 32301
paul@lawsonhuckgonzalez.com
jason@lawsonhuckgonzalez.com
amber@lawsonhuckgonzalez.com
caroline@lawsonhuckgonzalez.com
(850) 825-4334

*Counsel for Plaintiff*

By:    /s/ Marianne Dugan
       Marianne Dugan, *pro hac vice*
       Oregon State Bar # 932563
       Lauren Regan, *pro hac vice*
       Oregon State Bar # 970878
       Civil Liberties Defense Center
       1711 Willamette St., Suite 301 #359
       Eugene, OR 97401
       (541) 687-9180
       mdugan@cldc.org
       lregan@cldc.org
       *Attorneys for Defendant Amber Smith-Stewart*


By:    /s/ Andrea Costello
       Andrea Costello
       Fla. Bar No. 0532991
       Florida Legal Services
       P.O. Box 533986
       Orlando, FL 32853
       Telephone: (407) 801-0332 (direct)
       Fax: (407) 505-7327
       andrea@floridalegal.org
       *Attorneys for Defendant Annarella Rivera*


By:    /s/ James M. Slater
       James M. Slater
       Fla. Bar No. 111779
       113 S. Monroe Street
       Tallahassee, FL 32301
       Tel. (305) 523-9023
       james@slater.legal
       *Attorneys for Defendant Caleb Freestone*

By: /s/ Miriam Haskell
    Miriam Haskell
    Fla. Bar No. 069033
    Carrie Joanna Feit
    Fla. Bar No. 470066
    Community Justice Project
    3000 Biscayne Blvd., Suite 106
    Miami, Florida 33137
    Telephone: (305) 907-7697
    miriam@communityjusticeproject.com
    carrie@communityjusticeproject.com
    *Attorneys for Defendant Gabriella Oropesa*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the CM/ECF website on this 19th day of December and thereby served to all counsel of record.

/s/ Jason Gonzalez
ATTORNEY