UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| HEARTBEAT OF MIAMI, INC., <br><br> Plaintiff, <br><br> v. <br><br> JANE'S REVENGE, *et al.*, <br><br> Defendants. | Case No. 8:23-cv-705-KKM-AAS |

**DEFENDANTS' CONSOLIDATED MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Amber Marie Smith-Stewart, Caleb Hunter Freestone, Annarella Rivera and Gabriella Victoria Oropesa, both jointly and individually (Defendants), move to dismiss Count 6 through Count 8; all Counts leveled against individual Defendants as representatives of so-called "Jane's Revenge" (Counts 4-8); Plaintiff's Rule 23.2 allegations; and state-law claims against "Jane's Revenge" (Counts 4-8) in Plaintiff's Amended Complaint (Doc. 9).[1]

---

[1] This Court can take judicial notice from the docket that Plaintiff has not served any Defendant in a "representative" capacity for "Jane's Revenge," nor has it served "Jane's Revenge." *See* Fed. R. Civ. P. 201; *see also Davis v. Gregory*, 2021 WL 2944462, at *2 (11th Cir. July 14, 2021). The Defendants who have appeared in this matter do so only as individuals, not on behalf of "Jane's Revenge," and contest that this action was properly brought against them "as representatives of Jane's Revenge." (Doc. 54 at 1 n.1.) As explained *infra*, "Jane's Revenge" is not an entity with capacity to be sued.

## BACKGROUND

Defendants who bring this Motion to Dismiss are four individuals accused of "spray-painting" so-called "pregnancy centers" at various locations in Florida (Doc. 9). Despite the relative insignificance of the actions alleged against Defendants, Defendants currently face multiple civil counts in two cases, including extreme monetary penalties, and criminal charges. This spirit of overzealous overreach is reflected in the many improper claims Plaintiff has brought, which Defendants address below.

This civil action was initially filed on March 29, 2023. (Doc. 1.) It was brought pursuant to 18 U.S.C. Section 248, the Freedom of Access to Clinic Entrances Act (FACE Act), and includes state-law claims for trespass to property, civil conspiracy, and the Florida Racketeer Influenced and Corrupt Organization (RICO) Act. (Doc. 9). For all of these alleged acts, Plaintiff Heartbeat of Miami seeks money damages and injunctive relief against all Defendants related to its business. The Court dismissed the initial Complaint as a "shotgun pleading." (Doc. 3). Plaintiff then filed an Amended Complaint and added Annarella Rivera and Gabriella Oropesa as Defendants. (Doc. 9). The Amended Complaint states eight causes of action. (Doc. 9).

## MEMORANDUM OF LAW

With this Motion, Defendants challenge Counts Four through Eight, which the Court should dismiss on various legal grounds. Regarding Counts Four through Eight, "Jane's Revenge" lacks the capacity for suit, Plaintiff improperly sues Defendants as representatives of "Jane's Revenge," and Plaintiff fails to make sufficient allegations to do so consistent with requirements of Rule 23.2 and Rule 9(a) of the Federal Rules of Civil Procedure. As to Count Seven and Count Eight, those counts should be dismissed for failure to state a claim, and, if not, Plaintiff must amend its pleadings to provide a more precise RICO Statement under Rule 12(e), to which Defendants can respond. Finally, as to Count Six, the Court should also dismiss the claim because Plaintiff has failed to allege conspiracy with the requisite specificity related to identifying underlying torts.[2]

### I.     Legal standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint based on either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must

---

[2] As to the remaining unchallenged claims in the Amended Complaint, Defendants are not required to file an answer to those claims at this time. *Taylor v. Pekerol*, 2016 WL 7985259, at *1 (N.D. Fla. Mar. 10, 2016) (collecting cases for the proposition that a party "need not file an answer as to the unchallenged claims while a partial motion to dismiss the challenged claims is pending").

"contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (citing *id*). This requires "more than a sheer possibility" that a plaintiff can state a claim. *Id.* at 679. When considering a Rule 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "legal conclusions without adequate factual support" or "[f]ormulaic recitations of the elements of a claim" are not entitled to those presumptions, and constitute grounds to dismiss. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). Plaintiff bears the burden of proof for each stated claim.

**II.  The Court must dismiss counts Four through Eight related to "Jane's Revenge," which lacks capacity to be sued, and as against Defendants individually as "representatives" of it**

Under Rule 17(b)(3) of the Federal Rules of Civil Procedure, and associated Florida law, "Jane's Revenge" is not an unincorporated association with the capacity to be sued for state-law claims, nor can Defendants be legal "representatives" of it who can be sued in that capacity. This is well-established law.

Under Rule 17(b)(3) of the Federal Rules of Civil Procedure, the legal capacity of an alleged unincorporated association to be sued is controlled by state

4

law.[3] Florida law is clear: "Florida does not have an enabling statute that allows unincorporated associations to be sued in their own names." *Larkin v. Buranosky*, 973 So. 2d 1286, 1287 (Fla. 4th DCA 2008) (citing *Johnston v. Meredith*, 840 So.2d 315 (Fla. 3d DCA 2003)). *See also Asociacion de Perjudicados Por Inversiones Efectuadas en U.S.A. v. Citibank*, 770 So. 2d 1267, 1268-69 (Fla. 3d DCA 2000) (recognizing only for-profit unincorporated associations or partnerships have legal capacity to sue or be sued under Florida law); *see also Johnston*, 840 So.2d at 316 (finding Florida does not have an enabling statute that permits an unincorporated association to sue or be sued in its own name).

This well-settled law requires dismissal of any claims against "Jane's Revenge" and Defendants as alleged "representatives" of it because it has no capacity for suit involving state law claims. *See id.*; *see also Doe v. Mckesson*, 71 F.4th 278, 286 (5th Cir. 2023) (court upheld dismissal of "Black Lives Matter," named as a defendant, on similar grounds). Plaintiff's conclusory allegations that "Jane's Revenge is an unincorporated criminal association" "with local cells across the country" does nothing to change this analysis that warrants dismissal of Counts Four through Eight against "Jane's Revenge" and as against Defendants as "representatives" of an entity lacking any legal capacity for suit. (Doc. 9, ¶ 13).

---

[3] Rule 17(b)(3)(A) of the Federal Rules of Civil Procedure provides capacity for unincorporated associations only for federal claims, but as discussed in Section III, below, Defendants cannot be sued *individually* as "representatives of Jane's Revenge" for the FACE Act claims pursuant to Rule 23.2 of the Federal Rules of Civil Procedure.

5

### III. Plaintiff's Rule 23.2 allegations must be dismissed and stricken from the Amended Complaint

As discussed above, the legal capacity of an alleged unincorporated association to be sued is controlled by Florida law; "Jane's Revenge" has no capacity for suit. Therefore, any Rule 23.2 allegations against it must be dismissed on that basis. Since "Jane's Revenge" lacks capacity for suit, Defendants cannot be "representative parties," of it.

This claim also fails for two additional reasons. First, Defendants cannot "adequately protect the interests of the association and its members," because neither exists and Defendants have not accepted (and will not accept) service on behalf of "Jane's Revenge." *See* Fed. R. Civ. P. 23.2. Second, Plaintiff's scant and conclusory allegations that Defendants are "representatives of Jane's Revenge," based solely "upon information and belief" that it is a "criminal enterprise" in "cells around the country," without any of the necessary indicia of an unincorporated association with representatives that could be legally sued are insufficient. Plaintiff's failure to satisfy this legal requirement and its inadequate pleading require dismissal of any such claims pursuant to Rule 9(a)'s capacity pleading requirements and Rule 23.2. *See* (Doc. 9 ¶¶ 13, 27, 33).

For these reasons, the Court should strike and dismiss the allegations against Defendants related to Rule 23.2 contained in paragraphs 13, and 27 through 35 of the Amended Complaint (Doc. 9), and dismiss Counts One through Eight to the

extent they are alleged against "Jane's Revenge" and against Defendants as "representatives" of "Jane's Revenge" pursuant to Rule 23.2. *See* Fed. R. Civ. P. 23(d)(1)(D); *see also* Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction); 12(b)(2) (lack of personal jurisdiction); and 12(b)(6) (failure to state a claim upon which relief can be granted).

### IV. Counts Six through Eight improperly "lump" Defendants together in violation of Rule 8

Counts Six through Eight for Florida RICO and conspiracy should be dismissed as impermissibly vague because they indiscriminately lump "Defendants" together without specifying which defendants are responsible for which acts. Under federal pleading standards, Plaintiff's lumping fails.

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 677-78. The failure to identify claims "with sufficient clarity to enable a defendant to frame a responsive pleading constitutes a 'shotgun pleading' that violates Rule 8(a)(2)." *Rodriguez v. Carrot Express Midtown, LLC*, 2019 WL 7293360, at *3 (S.D. Fla. Dec. 30, 2019). An impermissible shotgun pleading "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015); *see also Lampkin-Asam v. Volusia County School Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (same); *see*

7

*also Davis v. Staramba Corp.*, 2015 WL 12838807, at *2 (M.D. Fla. Nov. 6, 2015) (no "fair notice" when allegations refer to "Defendant" or "Defendants" without identifying the specific individual or combination of defendants to which the allegation pertains).

Here, Plaintiff fails to plead Counts Six through Eight with the specificity required to provide Defendants with fair notice under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff lumps Defendants together throughout these counts, often referring only to "Defendants," not specifying which individual Defendant is alleged to be present at or involved in which incidents. *See* (Doc. 9 at ¶¶ 112-15, 117, 127-29, 131-34, 145-48, 150-53). Many of these allegations are also made solely on information and belief. The failure to provide a "factual basis to distinguish [Defendants' alleged] conduct" fails to satisfy Rule 8. *See Lane v. Capital Acquisitions and Management Co.*, 2006 WL 4590705, at *5 (S.D. Fla. 2006); *see also Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard."). Counts Six through Eight should be dismissed for failure to satisfy Rule 8.

8

## V. Counts Seven and Eight must be dismissed because Plaintiff fails to establish an "enterprise" or "pattern of racketeering activity"

Plaintiff's Counts Seven and Eight fail to sufficiently state the elements of enterprise and pattern of racketeering activity required to establish a Florida RICO claim. As explained below, the Court should dismiss these counts on that basis.

To proceed on its claim, Plaintiff must establish that Defendants were in a RICO "enterprise" and that they engaged in a "pattern of racketeering activity." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1264 (11th Cir. 2004).[4] A RICO enterprise exists "where a group of persons associates, formally or informally, with the purpose of conducting illegal activity." *Id.* (quoting *United States v. Hewes*, 729 F.2d 1302, 1311 (11th Cir. 1984)). To successfully allege a pattern of racketeering activity, Plaintiff must demonstrate that: "(1) [D]efendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a continuing nature." *Jackson*, 372 F.3d at 1264 (collecting cases). *See also State v. Lucas*, 600 So. 2d 1093, 1094 (Fla. 1992) (adopting this standard). As to the third pattern requirement, the continuity of a pattern of racketeering can

---

[4] Because "Florida courts often look to the Federal RICO decisions for guidance in interpreting and applying the act[,]" *Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, 46 F. Supp. 2d 1276, 1284 (M.D. Fla. 1999), federal courts will apply the same analysis to federal and state RICO claims. *Jackson*, 372 F.3d at 1263–64 (citing *All Care Nursing Serv., Inc. v. High Tech Staffing Servs., Inc.*, 135 F.3d 740, 745 (11th Cir. 1998) ("Florida's RICO statutes have consistently been interpreted using federal RICO claim cases.").

either be closed or open-ended, a "temporal concept." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241 (1989). Last, a civil plaintiff must also show "(1) the requisite injury to business or property, and (2) that such injury was by reason of the substantive RICO violation." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016).

Plaintiff cannot demonstrate that "Jane's Revenge" is an enterprise, that Defendants "operated or managed" "Jane's Revenge," or that Defendants engaged in a pattern of racketeering activity to sustain its state-law RICO claims. Each point warranting dismissal is addressed in turn.

### A. Plaintiff's RICO claims fail because an "enterprise" cannot exist between an association and its members

Plaintiff's RICO claims should be dismissed because "Jane's Revenge" and Defendants are not, as alleged in the complaint, separate and distinct. Plaintiff asserts that Defendants are "associated" with "Jane's Revenge," an alleged "unincorporated criminal association." (Doc. 9 at ¶¶ 13, 144). According to the complaint, they are its purported "representatives." (*Id.* at ¶ 13). Although an alleged unincorporated criminal organization cannot have "employees," the roles of members or "representatives," are the functional equivalent. *See Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, 883 F.2d 132, 141 (D.C. Cir. 1989) *on reh'g in part*, 913 F.2d 948 (D.C. Cir. 1990) (citing cases). "[I]t is well established that a RICO enterprise must be an entity separate and

distinct from any individual defendant—a person cannot conspire with itself." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1215 (11th Cir. 2020) (citing *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001)); *Palmas Y Bambu, S.A. v. E.I. Dupont De Nemours & Co.*, 881 So. 2d 565, 575 (Fla. 3d DCA 2004) (collecting cases).

Accordingly, Plaintiff's RICO claims must be dismissed. It cannot plead the existence of a RICO enterprise between an alleged unincorporated criminal association and its agents or "representatives" acting within the scope of their alleged roles for the association. *Cisneros*, 972 F.3d at 1215 (quoting *Ray*, 836 F.3d at 1357).

### B. Plaintiff fails to sufficiently allege that Defendants participated in the operation and management of the alleged enterprise, "Jane's Revenge"

Even if "Jane's Revenge" is an enterprise, Plaintiff's RICO claims must be dismissed because Plaintiff provides only conclusory allegations as to their participation in the operation and management of the enterprise Plaintiff's enterprise allegations fail to meet *Twombly* as it alleges "upon information and belief that "Jane's Revenge is a criminal enterprise." (Doc. 9 at ¶ 33.)

Defendants could also only be liable for the enterprise's affairs if they "participate[d] in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). To determine whether any of the

11

Defendants were involved in the "operation and management" of the purported enterprise, the "critical inquiry . . . is whether the defendant 'conducted or participated in the conduct of the enterprise's affairs, not just [his or her] own affairs." *Coquina Invs. v. Rothstein*, 2011 WL 197241, at *3 (S.D. Fla. Jan. 20, 2011) (quoting *Reves*, 507 U.S. at 185).

Plaintiff only proffers conclusory allegations that Defendants' acts vis-à-vis the so-called "life-affirming reproductive healthcare facilities" were in furtherance of "Jane's Revenge's" objective. (Doc. 9 at ¶ 145). Other than conclusory statements, Plaintiff fails to allege anything more than "'naked assertions' devoid of 'further factual enhancement,'" which cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. This is a fatal defect requiring the Court to dismiss the RICO claim.

### C. Plaintiff also fails to allege a "pattern of racketeering activity"

Plaintiff's allegations fail to satisfy either type of required continuity to establish a "pattern of racketeering activity." This provides additional grounds for the Court to dismiss the RICO claim.

According to the Supreme Court, "continuity" is "both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Jackson*, 372 F.3d at 1265 (quoting *H.J. Inc.*, 492 U.S. at 241-42). "[O]ften a

RICO action will be brought before continuity can be established" where a plaintiff endeavors to prove a series of related predicates over a closed period. *Id.* Plaintiff fails to allege either closed-ended or open-ended continuity that meets the legal requirements for this claim.

### 1. Plaintiff cannot establish closed-ended continuity

Plaintiff's allegations are insufficient to establish closed-ended continuity, due to the short length of time alleged in the Amended Complaint. Closed-ended continuity for criminal activity that lasts less than two years, as alleged here, is generally insufficient. *See Jackson*, 372 F.3d at 1267 ("The overwhelming weight of case authority suggests that nine months is not an adequately substantial period of time."); *Magnifico v. Villanueva*, 783 F. Supp. 2d 1217, 1229 (S.D. Fla. 2011) ("there does not appear to be a case in the Eleventh Circuit or any of its district courts where a judge has found closed-ended continuity for a scheme lasting less than two years"); *Emess Cap., LLC v. Rothstein*, 2011 WL 13214308 (S.D. Fla. Dec. 21, 2011) (finding predicate acts described in "Complaint and Civil RICO Case Statement occurred over a seven-week period" to be "too brief to constitute closed-ended continuity."); *but see Lucas*, 600 So.2d at 1093 (Florida Supreme Court questioned whether "a series of related fraudulent activities which occur over a six-month period can[] demonstrate the requisite closed-end continuity").

13

Plaintiff's allegations fail to meet this requirement. Counts Seven and Eight allege only three acts of vandalism as the predicate crimes for the RICO charges: one on May 26, 2022, one on June 26, 2022, and the final on July 3, 2022. The time period alleged for these acts is less than six weeks, far less any court has found to be a sufficient length of time to constitute closed-ended continuity.

### 2.  Plaintiff fails to establish open-ended continuity

Even if the focus here is considered "open-ended continuity," Plaintiff's allegations fare no better. The Amended Complaint suffers from insufficient pleading and failure to meet the legal standard.

Factually, Plaintiff relies on impermissible conclusory statements regarding Defendants' alleged intentions to target facilities in the future:

> *Upon information and belief*, Defendants have conspired and continue to conspire to commit additional attacks on life-affirming reproductive healthcare facilities in Florida. Further, there is a significant risk of ongoing attacks on Heartbeat and other life-affirming reproductive healthcare facilities by members of the Jane's Revenge enterprise. To date, at least three life-affirming reproductive healthcare facilities have been attacked by Jane's Revenge in 2023.

(Doc. 9 at ¶ 133) (emphasis added).

Legally, Plaintiff's allegations fail to meet the requirement for open-ended continuity. In "open-ended" cases that rely on alleging the threat of continuity, plaintiffs can meet their burden by establishing either that "the racketeering acts themselves include a specific threat of repetition extending indefinitely into the

14

future," or that "the predicate acts or offenses are part of an ongoing entity's regular way of doing business." *H.J. Inc.*, 492 U.S. at 242. Plaintiff cannot do so for two reasons.

First, the Amended Complaint lacks enough temporal specificity that there is "a specific threat of repetition [of the alleged predicate acts] extending indefinitely into the future." *Id.* Plaintiff offers no factual basis for its conclusions that "there is a significant risk of ongoing attacks" or that Defendants "continue to conspire." At the forefront of any analysis, Plaintiff's legal conclusions related to a conspiracy that has allegedly occurred in the past and allegedly continues to occur must be discounted. *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 864 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679) ("[A] reviewing court should eliminate any allegations in the complaint that are merely legal conclusions. . ."). Plaintiff cannot build a RICO claim on three separate incidents involving different cohorts of Defendants that were not even alleged to all be involved in each of the predicate acts.

Alleging that Defendants "have conspired and continue to conspire to commit additional attacks on life-affirming reproductive healthcare facilities" (Doc. 9 at ¶ 133), is not specific enough for a cognizable RICO claim. This allegation omits the crux of open-ended continuity: temporal specificity. The Amended Complaint contains no allegations about how often or when these

alleged future acts would or should occur. Plaintiff simply relies "on conclusory allegations that, once begun, the alleged misconduct threatens to continue into the future," failing to establish open-ended continuity. *MasTec Renewables Puerto Rico LLC v. Mammoth Energy Servs., Inc.*, 494 F. Supp. 3d 1233, 1240 (S.D. Fla. 2020). The simple assertion that, without being prevented from doing so, a defendant could or would continue her alleged predicate crimes is insufficient to establish open-ended continuity for a RICO claim.[5] *See Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011).

Second, Plaintiff fails to allege that predicate acts are part of an ongoing entity's regular way of doing business. *H.J. Inc.*, 492 U.S. at 242. Plaintiff alleges only three acts, taking place over a brief period of roughly five weeks and involving varied cohorts of individual Defendants. Plaintiff offers nothing more than conclusory allegations of common goals or tactics, not the "sustained period or set of examples sufficient to draw this conclusion with reasonable certainty" necessary to establish continuity through a defendant's regular way of conducting business. *See Jones v. Childers*, 18 F.3d 899, 912 (11th Cir. 1994). Plaintiff's RICO claim fails for this reason. *See, e.g.*, *Townsend v. City of Miami*, 2007 WL 9710944 at *3 (S.D. Fla. Nov. 7, 2007) (finding open-ended continuity where

---

[5] This limitation is critical because otherwise, "nearly every scheme in which the defendants are not criminally prosecuted and incarcerated would meet the requirements for open-ended continuity." *Birmingham v. Doe*, 2022 WL 18134962, at *24 (S.D. Fla. Dec. 6, 2022).

16

complaint detailed a *decades-long* police department practice of obtaining coerced and false confessions to obstruct justice); *Wave Length Hair Salons of Fla., Inc. v. CBL & Assocs. Properties, Inc.*, 2017 WL 10604140, at *7 (M.D. Fla. Apr. 11, 2017) (open-ended continuity alleged based on corporation sending inflated energy bills *monthly over six years*); *Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1320 (S.D. Fla. 2009) (open-ended continuity plead based on ongoing *four-year-long* conspiracy to defraud). Five weeks is far short of the years of activity that courts have found constitute long-term association for purposes of open-ended continuity. For these reasons, Counts Seven and Eight should be dismissed.

### D. The Court should require Plaintiff to file a RICO case statement if the RICO claim is not dismissed

If the Court does not dismiss the RICO claim, Plaintiff should be required to provide a RICO case statement, "includ[ing] the facts upon which the Plaintiff is relying to initiate any RICO claim it alleges in [its] Complaint as a result of the 'reasonable inquiry' required by Rule 11 of the Federal Rules of Civil Procedure." *Signeo Int'l Ltd. v. Wade*, 2013 WL 12153590, at *8-9 (M.D. Fla. Apr. 1, 2013) (noting this District's practice of requiring a RICO case statement and identifying 17 categories of information for the RICO case statement); *CS Bus. Sys., Inc. v. Schar*, 2018 WL 3636694, at *3 (M.D. Fla. Feb. 7, 2018) ("should Plaintiffs decide to replead their RICO allegations, they will be required to file a RICO Case

17

Statement consistent with the practices established in this Division") (identifying 19 categories of information to be included in the RICO case statement).

## VI. The Court must dismiss Count Six because Plaintiff fails to sufficiently allege conspiracy

While Count Six alleges that Defendants planned to violate the FACE Act, Florida RICO and trespass, Plaintiff does not specify a single underlying tort that Defendants conspired towards. This is a fatal defect. Plaintiff had a second opportunity to plead this count correctly (Doc. 3), and has again failed to do so. The Court should not give it another shot at the target.

Rather than re-pleading this count with reference to specific underlying tort claims, Plaintiff attempts to have Defendants and this Court connect the dots, which is inadequate pleading. *Iqbal*, 566 U.S. at 678; *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"). A "civil conspiracy" cannot stand alone: "[t]he basis for the conspiracy must be 'an independent wrong or tort which would constitute a cause of action if the wrong were done by one person.'" *See Kee v. Nat'l Rsrv. Life Ins.*, 918 F.2d 1538, 1541-42 (11th Cir. 1990) (quoting *American Diversified Ins. Servs. v. Union Fid. Life Ins.*, 439 So. 2d 904, 906 (Fla. 2d DCA 1983)); *see also Tejera v. Lincoln Lending Servs., LLC*, 271 So. 3d 97, 103 (Fla. 3d DCA 2019)

18

("There is no freestanding cause of action in Florida for 'civil conspiracy'"). Count Six should be dismissed.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that Counts Four through Eight be dismissed and that any identified paragraphs be stricken from Plaintiff's Amended Complaint. Additionally, the Court should strike and dismiss the allegations against Defendants related to Rule 23.2 contained in paragraphs 13, and 27 through 35 of the Amended Complaint (Doc. 9), and dismiss Counts One through Eight to the extent they are alleged against "Jane's Revenge" and against Defendants as "representatives" of "Jane's Revenge."

## RULE 3.01(g) CERTIFICATION

The undersigned counsel conferred with opposing counsel in a good-faith effort to resolve the issues raised in this motion. Plaintiff's counsel opposes the relief requested herein.

Dated: January 19, 2024      Respectfully submitted,

/s/ James M. Slater
James M. Slater
Fla. Bar No. 111779
113 S. Monroe Street
Tallahassee, FL 32301
Tel. (305) 523-9023
james@slater.legal
*Attorney for Defendant Caleb Freestone*

19

/s/ Andrea Costello
Andrea Costello
Fla. Bar No. 0532991
Florida Legal Services
P.O. Box 533986
Orlando, FL 32853
Telephone: (407) 801-0332 (direct)
Fax: (407) 505-7327
andrea@floridalegal.org
*Attorney for Defendant Annarella Rivera*

/s/ Marianne Dugan
Marianne Dugan, *pro hac vice*
Oregon State Bar # 932563
Lauren Regan, *pro hac vice*
Oregon State Bar # 970878
Civil Liberties Defense Center
1711 Willamette St., Ste. 300
Eugene, OR 97401
(541) 687-9180
mdugan@cldc.org
lregan@cldc.org
*Attorneys for Defendant Amber Smith-Stewart*

/s/ Miriam Haskell
Miriam Haskell
Fla. Bar No. 069033
Community Justice Project
3000 Biscayne Blvd., Suite 106
Miami, Florida 33137
Telephone: (305) 907-7697
miriam@communityjusticeproject.com
*Attorneys for Defendant Gabriella Oropesa*