UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEARTBEAT OF MIAMI, INC.,

    *Plaintiff,*

v.

    Case No. 8:23-cv-00705-KKM-AAS

JANE'S REVENGE; CALEB
HUNTER FREESTONE, in his
personal capacity and as a
representative of Jane's Revenge;
AMBER MARIE SMITH-STEWART,
in her personal capacity and as a
representative of Jane's Revenge;
ANNARELLA RIVERA, in her
personal capacity and as a
representative of Jane's Revenge;
GABRIELLA OROPESA, in her
personal capacity and as a
representative of Jane's Revenge; and
JANE DOES 6–20,

    *Defendants.*

---

## UNOPPOSED MOTION FOR PERMANENT INJUNCTION, FINAL JUDGMENT IN PART, AND TO STAY PROCEEDINGS IN PART

    Plaintiff, Heartbeat of Miami, Inc., brought this civil action against Defendants Caleb Freestone, Amber Marie Smith-Stewart, Annarella Rivera, and Gabriella Victoria Oropesa, alleging violations of the Freedom of Access to Clinic Entrances Act (the FACE Act), 18 U.S.C. § 248, among other causes of

action. *See* Doc. 9. Plaintiff respectfully moves for the following relief, which effectuates the settlement agreement entered into by all parties. A proposed order is attached. Defendants do not oppose this motion or entry of the proposed order.

The terms of settlement as to Defendants Freestone, Smith-Stewart, and Rivera were contingent on those Defendants pleading guilty to a felony charge in the related criminal case (No. 8:23-cr-25-VMC-AEP). They have now done so. The terms of this agreement are materially similar.

The terms of settlement as to Defendant Oropesa are, except as to one minor term discussed below, not tied to any outcome in her criminal case. Under the terms of the settlement, as memorialized in the related civil action (No. 8:23-cv-701-SDM-AAS), Defendant Oropesa has agreed to pay a civil penalty of $10,000 to the State of Florida and an additional $1,000 to each of three facilities, as stated below, for a total of $13,000.

**Defendants Freestone, Smith-Stewart, and Rivera have agreed with Plaintiff to the following, as memorialized by the Parties in a contemporaneous filing in the related civil action, Case No. 8:23-cv-701-SDM-AAS, and as enforced by entry of judgment in that related civil action; that agreement is restated below for ease of reference:**

1. The entry of a permanent injunction prohibiting Defendants Freestone, Smith-Stewart, and Rivera from getting within 100 feet of

the facilities that Plaintiff alleges were victimized in this case: South Broward Pregnancy Help Center in Hollywood, Florida; the Life Choice Pregnancy Center in Winter Haven; and any of the five facilities owned by Heartbeat of Miami.

2. The entry of judgment for the amount of restitution equal to the restitution amount ordered in the related criminal case (Case No. 8:23-cr-25-VMC-AEP), if any.  If the Court in the related criminal case does not order restitution as to any of the three facilities identified in *Moody v. Freestone, et al.*, Case No. 23-cv-701-SDM-AAS, then Defendants Freestone, Smith-Stewart, and Rivera agree to pay in this case a restitution amount of $2,250 for each facility, for a total restitution payment cap of $6,750, jointly and severally.

3. Defendants Freestone, Smith-Stewart, Rivera, and Plaintiff agree to mutual releases of any claims they may have against any opposing party arising from the same transaction or occurrence as the claims in the operative complaint, Doc. 9.

4. Each party shall bear their respective fees and costs.

5. Defendants Freestone, Smith-Stewart, and Rivera will each state an apology on the record during their respective sentencing hearings based upon the following as applicable to their individual circumstances:

3

Two years ago, I was upset with the Supreme Court's decision in *Dobbs*. I decided to express my frustration in the wrong way.

On the night of July 3, 2022, I walked to the back of the Heartbeat of Miami center in Hialeah and spray-painted the wall with phrases attributed to "Jane's Revenge."

Months later, on September 17, 2022, I went to the Heartbeat's annual fundraising gala, and, in the middle of the program, I leafletted the crowd and supporters of Heartbeat of Miami.

I also visited the South Broward Pregnancy Help Center in Hollywood, and the Life Choice Pregnancy Center in Winter Haven and spray painted those facilities with phrases attributed to "Jane's Revenge."

I want to apologize to the Heartbeat of Miami, the South Broward Pregnancy Help Center, and the Life Choice Pregnancy Center, their leadership, their staff and the patients they see every day.

I am sorry. Please accept my apology to you, your staff, and the people you serve.

**Defendant Oropesa has agreed with Plaintiff to the following terms, as memorialized by the Parties in a contemporaneous filing in the related civil action, Case No. 8:23-cv-701-SDM-AAS, and as enforced by entry of judgment in that related civil action; that agreement is restated below for ease of reference**:

1. The entry of a permanent injunction prohibiting Defendant Oropesa from getting within 100 feet of the facilities that Plaintiff alleges were victimized in this case: South Broward Pregnancy Help Center in

4

Hollywood, Florida; the Life Choice Pregnancy Center in Winter Haven; and any of the five facilities owned by Heartbeat of Miami.

2. Judgment for $13,000.  Defendant Oropesa will pay $1,000 to each of the three facilities (South Broward Pregnancy Help Center, Life Choice Pregnancy Center, and Heartbeat of Miami) for a total of $3,000.  She will also pay the State of Florida a $10,000 civil penalty.

3. Defendant Oropesa and Plaintiff agree to the release of any claims they may have against each other arising from the same transaction or occurrence as the claims in the operative complaint, Doc. 9.

4. Each party shall bear their respective fees and costs.

5. If Defendant Oropesa is found guilty or enters a subsequent guilty plea in the related criminal case, Defendant Oropesa agrees to send a letter of apology to each facility similar to the apology the other three Defendants plan to make at their sentencing hearings.

Accordingly, Plaintiff respectfully requests that this Court enter the accompanying proposed order, which will (1) enter a permanent injunction against all Defendants and incorporate by reference the terms of the settlement articulated here, but made enforceable by entry of judgement in the related civil action, Case No. 8:23-cv-701-SDM-AAS; and (2) enter an order staying the case as to Defendants Freestone, Smith-Stewart, and Rivera until an amount of restitution has been determined in the related criminal case.

Respectfully submitted,

*/s/ Jason Gonzalez*
JASON GONZALEZ
FLORIDA BAR NO: 146854
PAUL C. HUCK, JR.
FLORIDA BAR NO: 968358
CAROLINE MAY POOR
FLORIDA BAR NO. 1018391
LAWSON HUCK GONZALEZ, PLLC
215 South. Monroe Street, Suite 320
Tallahassee, Florida 32301
(850) 825-4334

*Counsel for Plaintiffs*

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that I have conferred with opposing counsel regarding this motion and no party objects to this motion.

*/s/ Jason Gonzalez*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the CM/ECF website and served on July 18, 2024, to all counsel of record.

*/s/ Jason Gonzalez*