UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **HEARTBEAT OF MIAMI, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**JANE'S REVENGE; CALEB HUNTER FREESTONE**, in his personal capacity and as a representative of Jane's Revenge; **AMBER MARIE SMITH-STEWART**, in her personal capacity and as a representative of Jane's Revenge; **ANNARELLA RIVERA**, in her personal capacity and as a representative of Jane's Revenge; **GABRIELLA OROPESA**, in her personal capacity and as a representative of Jane's Revenge; and **JANE DOES 6–20**,<br><br>*Defendants.* | Case No. 8:23-cv-00705-KKM-AAS |

## MOTION TO EXTEND TIME TO FILE STIPULATED FORM OF FINAL JUDGMENT

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), Plaintiff, Heartbeat of Miami, Inc. ("Heartbeat"), respectfully moves for an extension of time for the parties to file their stipulated form of final judgment.

On July 23, 2024, this Court ordered the parties to file a stipulated form of final judgment within seven days of a restitution determination for Defendants Caleb Freestone, Amber Marie Smith-Stewart, and Annarella Rivera in the related criminal case (Case No. 8:23-cr-25-VMC-AEP) (the "July 23 Order"). ECF No. 78. The court in the related criminal case entered an order approving a joint restitution stipulation (the "Restitution Order") for Defendants Freestone, Smith-Stewart, and Rivera on November 14, 2024, at docket entries 307 and 309. Defendants did not notify Heartbeat or the Court of this development and Heartbeat does not otherwise receive service in the related criminal case. It was not until December 26, 2024, when a Department of Justice Department press release related to the recent conviction of Defendant Gabriella Oropesa, another defendant in this action, prompted Heartbeat's counsel to look at the docket in the related criminal case, where she found the Restitution Order. Upon discovering the Restitution Order, Heartbeat's counsel immediately moved to coordinate with co-counsel and opposing counsel to try to execute a stipulated form of final judgment.

The Federal Rules of Civil Procedure provide that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Good cause requires a party to show that "the schedule cannot be met despite the diligence of the party

2

seeking the extension.'" *Hejduk v. Ethicon Inc.*, No. 3:20-CV-61-J-34PDB, 2020 WL 6870861, at *2 (M.D. Fla. Apr. 7, 2020) (quoting *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231 (11th Cir. 2008)). Excusable neglect requires a court to consider (1) prejudice to the nonmovant; (2) the delay's length and impact on the case; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993); *see also Luberto v. Hartford Ins. Co. of the Midwest*, No. 219CV512FTM29NPM, 2019 WL 13248785, at *2 (M.D. Fla. Oct. 30, 2019). The Supreme Court has said that the determination is ultimately "an equitable one." *Pioneer*, 507 U.S. at 395.

    Heartbeat respectfully requests that the Court find good cause and excusable neglect in this case and extend the deadline for the parties to enter a stipulated form of final judgment because Defendants had an implied duty to notify Heartbeat when restitution was determined, did not do so, and Heartbeat acted immediately and in good faith to coordinate preparation of a stipulated form of final judgment upon learning of the Restitution Order. Indeed, Defendants had previously agreed to provide notice upon their respective sentencings, by consenting to the terms in Heartbeat's Proposed Order, filed with its unopposed

3

motion for Permanent Injunction, Final Judgment in Part, and to Stay Proceedings in Part. *See* ECF No. 77-1 at 2 ("Within 7 days of sentencing, each Defendant shall file a notice with the Court."). Defendants had the same duty that Heartbeat did under the Court's July 23 Order to move for a stipulated form of final judgment within seven days of the restitution determination and did not do so—even though Defendants Freestone, Smith-Stewart, and Rivera are the very people subject to the Restitution Order. Moreover, Defendant Oropesa is a named party and receives service in the criminal case. In other words, Defendants have had full knowledge of the Restitution Order for a month-and-a-half but said nothing to Heartbeat or the Court, despite an order requiring them to do so.

By contrast, not extending the deadline would severely prejudice Heartbeat by preventing entry of a final judgment against the Defendants in this case and awarding the Defendants for their gamesmanship of silence. The delay, although nearly a month-and-a-half long, will have no impact on case deadlines as entry of the stipulated final judgment will terminate the case. Further the delay was the result of a Defendant-created information vacuum; Defendants did not inform Heartbeat of the Restitution Order despite having (1) actual knowledge of the Restitution Order, (2) the same responsibilities to file a stipulated form of final judgment under the Court's July 23 Order, and (3) earlier agreed to provide notice of sentencing. *See* ECF No. 77-1 at 2. Finally, Heartbeat acted promptly and in good

faith to comply with the Court's July 23 Order upon discovering the Restitution Order. *See, e.g., Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996); *Santillana v. Fla. State Ct. Sys.*, No. 609-CV2095-ORL-19KRS, 2010 WL 1532337, at *2 (M.D. Fla. Apr. 16, 2010).

Therefore, and in light of the difficulty coordinating with opposing counsel during the holiday season, Heartbeat respectfully requests that the Court grant an extension of time for the parties to enter a stipulated form of final judgment up through and including January 20, 2024.

Respectfully submitted,

| | |
|---|---|
| JEFFREY C. MATEER | /s/ *Jason Gonzalez* |
| DAVID J. HACKER | JASON GONZALEZ |
| JEREMY G. DYS | FLORIDA BAR NO: 146854 |
| RYAN N. GARDNER | PAUL C. HUCK, JR. |
| FIRST LIBERTY INSTITUTE | FLORIDA BAR NO: 968358 |
| 2001 West Plano Parkway | CAROLINE MAY POOR |
| Suite 1600 | FLORIDA BAR NO. 1018391 |
| Plano, TX 75075 | LAWSON HUCK GONZALEZ, PLLC |
| (972) 941-4444 | 215 South. Monroe Street, Suite 320 |
| | Tallahassee, Florida 32301 |
| | (850) 825-4334 |
| | |
| | *Counsel for Plaintiffs* |

## **LOCAL RULE 3.01(g) CERTIFICATION**

I certify that Heartbeat's counsel attempted to meet and confer with Defendants' counsel regarding whether they opposed an extension request. Counsel responded that they would be "happy to review a motion and get back to [us] in the new year, but right now we are all out of the office, with family and/or traveling."

*/s/ Jason Gonzalez*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been filed with the CM/ECF website and served on December 27, 2024, to all counsel of record.

*/s/ Jason Gonzalez*