UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **HEARTBEAT OF MIAMI, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**JANE'S REVENGE; CALEB HUNTER FREESTONE,** in his personal capacity and as a representative of Jane's Revenge; **AMBER MARIE SMITH-STEWART,** in her personal capacity and as a representative of Jane's Revenge; **ANNARELLA RIVERA,** in her personal capacity and as a representative of Jane's Revenge; **GABRIELLA OROPESA,** in her personal capacity and as a representative of Jane's Revenge; and **JANE DOES 6–20,**<br><br>*Defendants.* | Case No. 8:23-cv-00705-KKM-AAS |

### JOINT NOTICE OF FILING
### <u>STIPULATED FORM OF FINAL JUDGMENT</u>

Pursuant to the Court's July 23, 2024, order, Plaintiff Heartbeat of Miami, Inc. and Defendants Caleb Freestone, Amber Marie Smith-Stewart, Annarella Rivera, and Gabriella Oropesa hereby stipulate to the entry of final judgment based on the parties' agreed terms of settlement, memorialized in both

Plaintiff's Unopposed Motion for Permanent Injunction, Final Judgment in Part, and to Stay Proceedings in Part, Doc. 77, and the contemporaneously filed joint notice of filing stipulated form of final judgment in the related civil action, Case No. 8:23-cv-701-SDM-AAS (the "Related Civil Action").[1] The parties submit this stipulated form of final judgment along with a proposed order, which will effectuate the settlement agreement entered into by all parties. The terms of the settlement agreement are restated here for ease of reference:

Defendants Freestone, Smith-Stewart, and Rivera have agreed with Plaintiff to the following:

    1.    The entry of a permanent injunction prohibiting Defendants Freestone, Smith-Stewart, and Rivera from coming within 100 feet of the facilities that Plaintiff alleges were victimized in this case: South Broward Pregnancy Help Center in Hollywood, Florida; the Life Choice Pregnancy Center in Winter Haven, Florida; and any of the five facilities owned by Plaintiff.

    2.    The entry of judgment for $600.00 jointly and severally which is the amount equal to the restitution the trial court ordered Defendants Freestone, Smith-Stewart, and Rivera to pay Plaintiff in the Related Criminal

---

[1] The parties entered a global settlement agreement to resolve the claims in both this case and the Related Civil Action.

Action (No. 8:23-cr-25-VMC-AEP at Doc. 307). Defendants' payment of the restitution order in the criminal matter satisfies the judgment in this action.

3.    Defendants Freestone, Smith-Stewart, Rivera, and Plaintiff agree to mutual releases of any claims they may have against any opposing party arising from the same transaction or occurrence as the claims in the operative complaint. Doc. 9.

4.    Each party shall bear their respective fees and costs.

5.    Defendants Freestone, Smith-Stewart, and Rivera each agreed to state an apology on the record during their respective sentencing hearings based upon the following as applicable to their individual circumstances:

> Two years ago, I was upset with the Supreme Court's decision in *Dobbs*. I decided to express my frustration in the wrong way.
>
> On the night of July 3, 2022, I walked to the back of the Heartbeat of Miami center in Hialeah and spray-painted the wall with phrases attributed to "Jane's Revenge."
>
> Months later, on September 17, 2022, I went to Heartbeat's annual fundraising gala, and, in the middle of the program, I leafletted the crowd and supporters of Heartbeat of Miami.
>
> I also visited the South Broward Pregnancy Help Center in Hollywood, and the Life Choice Pregnancy Center in Winter Haven and spray painted those facilities with phrases attributed to "Jane's Revenge."
>
> I want to apologize to the Heartbeat of Miami, the South Broward Pregnancy Help Center, and the Life Choice Pregnancy Center, their leadership, their staff, and the patients they see every day.
>
> I am sorry. Please accept my apology to you, your staff, and the people you serve.

Defendants Freestone, Smith-Stewart, and Rivera, each completed this term of the agreement.

Defendant Oropesa has agreed with Plaintiff to the following:

1. The entry of a permanent injunction prohibiting Defendant Oropesa from getting within 100 feet of the facilities that Plaintiff alleges were victimized in this case: South Broward Pregnancy Help Center in Hollywood, Florida; the Life Choice Pregnancy Center in Winter Haven, Florida; and any of the five facilities owned by Plaintiff.

2. The entry of judgment for $13,000. Defendant Oropesa will pay $1,000 to each of the three facilities (South Broward Pregnancy Help Center, Life Choice Pregnancy Center, and Plaintiff) for a total of $3,000. She will also pay the State of Florida a $10,000 civil penalty. Defendant Oropesa's $13,000 payment of the civil judgment in the Related Civil Action satisfies the judgment in this action.

3. The parties agree to mutual general releases of any claims they may have against any opposing party arising from the same transaction or occurrence as the claims in the operative complaint. Doc. 9.

4. Each party shall bear their respective fees and costs.

5. If Defendant Oropesa is found guilty or enters a subsequent guilty plea in the related criminal case, Defendant Oropesa agrees to send a letter of

4

apology to each facility similar to the apology the other three Defendants made at their sentencing hearing within 30 days of her sentencing.

Accordingly, Plaintiff respectfully requests that this Court enter the accompanying proposed order, which will (1) enter an injunction against all Defendants as specified above, (2) enter final judgment against Defendant Oropesa for $13,000; and (3) enter final judgment against Defendants Freestone, Smith-Stewart, and Rivera for a restitution amount of $600, jointly and severally which is the amount of restitution the Court ordered Defendants Freestone, Smith-Stewart, and Rivera to pay Heartbeat of Miami in the related criminal case (No. 8:23-cr-25-VMC-AEP); Defendants' payment of the restitution order in the criminal matter satisfies the judgment in this action.

Respectfully submitted,

/s/ *Jason Gonzalez*

| | |
|---|---|
| JEFFREY C. MATEER | JASON GONZALEZ |
| DAVID J. HACKER | FLORIDA BAR NO: 146854 |
| JEREMY G. DYS | PAUL C. HUCK, JR. |
| RYAN N. GARDNER | FLORIDA BAR NO: 968358 |
| FIRST LIBERTY INSTITUTE | CAROLINE MAY POOR |
| 2001 West Plano Parkway | FLORIDA BAR NO. 1018391 |
| Suite 1600 | LAWSON HUCK GONZALEZ, PLLC |
| Plano, TX 75075 | 215 South. Monroe Street, Suite 320 |
| (972) 941-4444 | Tallahassee, Florida 32301 |
| | (850) 825-4334 |

*Counsel for Plaintiffs*

By:   */s/ Marianne Dugan*
      Marianne Dugan, *pro hac vice*
      Oregon State Bar # 932563
      Lauren Regan, *pro hac vice*
      Oregon State Bar # 970878
      Civil Liberties Defense Center
      1711 Willamette St., Suite 301 #359
      Eugene, OR 97401
      (541) 687-9180
      mdugan@cldc.org
      lregan@cldc.org
      *Attorneys for Defendant Amber Smith-Stewart*

By:   */s/ Andrea Costello*
      Andrea Costello
      Fla. Bar No. 0532991
      Florida Legal Services
      P.O. Box 533986
      Orlando, FL 32853
      Telephone: (407) 801-0332 (direct)
      Fax: (407) 505-7327
      andrea@floridalegal.org
      *Attorneys for Defendant Annarella Rivera*

By:   */s/ James M. Slater*
      James M. Slater
      Fla. Bar No. 111779
      113 S. Monroe Street
      Tallahassee, FL 32301
      Tel. (305) 523-9023
      james@slater.legal
      *Attorneys for Defendant Caleb Freestone*

By: */s/ Miriam Haskell*
    Miriam Haskell
    Fla. Bar No. 069033
    Carrie Joanna Feit
    Fla. Bar No. 470066
    Community Justice Project
    3000 Biscayne Blvd., Suite 106
    Miami, Florida 33137
    Telephone: (305) 907-7697
    miriam@communityjusticeproject.com
    carrie@communityjusticeproject.com
    *Attorneys for Defendant Gabriella Oropesa*