UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEARTBEAT OF MIAMI, INC.,

    Plaintiff,

v.                                                     Case No. 8:23-cv-0705-KKM-AAS

JANE'S REVENGE, et al.,

    Defendants.
_____

## ORDER

The parties submit a stipulated form of final order, (Doc. 83), which requests both a money judgment and a permanent injunction. I construe it as a motion to enter a stipulated final judgment.

For consent judgments that include injunctive relief, a court must make a "determination that the proposal represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation." *Stovall v. City of Cocoa*, 117 F.3d 1238, 1242 (11th Cir. 1997) (quoting *United States v. City of Miami*, 664 F.2d 435, 441 (Former 5th Cir. 1981) (en banc) (Rubin, J., concurring in the per curiam judgment)). Additionally, consent judgment or not, a district court must abide by Rule 65(d)'s "requirement that injunctions state their terms specifically and

'describe in reasonable detail' the 'act or acts restrained or required' " in determining whether to enter proposed injunctive relief. *United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1361 (11th Cir. 2019) (quoting FED. R. CIV. P. 65(d)); *see also SEC v. Goble*, 682 F.3d 934, 948–52 (11th Cir. 2012).

The stipulated injunction, for the most part, "represents a reasonable factual and legal determination based on the facts of record," *Stovall*, 117 F.3d at 1242 (quoting *City of Miami*, 664 F.2d at 441 (Rubin, J., concurring in the per curiam judgment)), and its terms " 'describe in reasonable detail' the 'act or acts restrained or required,' " *Askins & Miller Orthopaedics, P.A.*, 924 F.3d at 1361 (quoting FED. R. CIV. P. 65(d)). But the requested injunction contains no explicit term of duration. Consistent with the final order in the companion civil case, 8:23-cv-701-SDM-AAS at Doc. 73, I limit the injunction to ten years.

The construed motion for a stipulated judgment (Doc. 83) is **GRANTED**. All four Defendants—Caleb Freestone, Amber Marie Smith-Stewart, Annarella Rivera, and Gabriella Victoria Oropesa—are **ENJOINED** for a period of ten years from coming within 100 feet of the facilities that Plaintiff alleges were victimized in this case: South Broward Pregnancy Help Center in Hollywood, Florida; the Life Choice Pregnancy Center in Winter Haven, Florida; and any of the five facilities owned by Plaintiff. The parties agree to mutual general releases of any claims they may have against any opposing

party arising from the same transaction or occurrence as the claims in the operative complaint. (Doc. 9). Each party shall bear their respective fees and costs.

The clerk must enter a **JUDGMENT** for the plaintiff and against Defendant Gabriella Victoria Oropesa for $13,000. Defendant Oropesa will pay $1,000 to each of the three facilities (South Broward Pregnancy Help Center, Life Choice Pregnancy Center, and Plaintiff) for a total of $3,000. Defendant Oropesa will pay a $10,000 civil penalty directly to the State of Florida. Defendant Oropesa's $13,000 payment of the civil judgment in the related civil action, No. 8:23-cv-701-SDM-AAS (Related Civil Action), satisfies the judgment in this action. Defendant Oropesa will also, within 30 days of sentencing in her related criminal case, No. 8:23-cr-25-VMC-AEP (Related Criminal Action), send a letter of apology to each facility similar to the apology the other three Defendants made at their sentencing hearing.

The clerk must enter a **JUDGMENT** for the plaintiff and against Defendants Freestone, Smith-Stewart, and Rivera for a restitution amount of $600.00 jointly and severally, the amount equal to the restitution the trial court ordered Defendants Freestone, Smith-Stewart, and Rivera to pay Plaintiff in the Related Criminal Action. No. 8:23-cr-25-VMC-AEP at Doc. 307. Defendants' payment of the restitution order in the Related Criminal Action satisfies the judgment in this action.

**ORDERED** in Tampa, Florida, on January 29, 2025.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge